[No. 4537 ]

## MICHAEL FINNEY v. JAMES N. BERGER.

SALE OF SIXTEENTH AND THIRTY-SIXTH SECTIONS BY THE STATE.—The statutes of this State do not contemplate a sale of the sixteenth and thirty-sixth sections until the title to the same has vested in the State, and the title to said sections does not vest in the State until the plat of the survey is approved by the United States Surveyor-General.

APPLICATION TO PURCHASE SCHOOL LAND. — An application to purchase a sixteenth or thirty-sixth section of land, filed before the plat of the survey of the township is approved by the United States Surveyor-General, is unauthorized and void.

APPEAL from the District Court, Fifth Judicial District, County of Tuolumne.

The court below rendered judgment that the plaintiff was entitled to purchase the north half of the land in controversy, and that the defendant was entitled to purchase the south half. Both parties appealed, and it was stipulated that both appeals should be heard on the same transcript.

The other facts are stated in the opinion.

*Caleb Dorsey,* for the Plaintiff.

The defendant could not acquire any right to purchase the land before the State acquired the title to the land. There is no sixteenth or thirty-sixth section until after the survey is made, approved, and filed. It is the survey that creates the sixteenth and thirty-sixth sections, and until they are created by the survey the State has no title to the specific land in dispute, and if defendant made his application before the survey was approved and plats filed, his application was a nullity. "The selections (of sixteenth and thirty-sixth sections for the State) must be based upon the official township plats of the public surveys which are required to be approved by the Surveyor-General, and on file in the local land office at the time of the selections." (Instructions of Commissioner of General Land Office, August 6, 1847, Zabriskie Land Laws, 398; *Higgins* v. *Houghton,* 25 Cal. 515; *Bernard's Heirs* v. *Ashley's Heirs,* 18 How. 43; *Terry* v. *Megerle,* 24 Cal. 609; *Middleton* v. *Low,* 30 Cal. 605; *Grogan* v. *Knight,* 27 Cal. 518.)

*D. S. Terry*, for the Defendant.

By the act of Congress "to provide for the survey of the public lands in California, the granting of pre-emption rights therein, and for other purposes," approved March 3, 1853 (1 Lester's Land Laws, 205), all sixteenth and thirty-sixth sections of public lands in California were granted to the State. This was a present grant, and vested the title in the State without the necessity of any action on the part of the officers of the United States in approving selections by the State. (*Higgins* v. *Houghton*, 25 Cal. 252.)

No selection being required on the part of the State, nor any action on the part of the United States necessary to vest the title, I can see no reason why the State may not dispose of those lands as well before as after survey, and the title of the grantee of the State would attach to the land conveyed as soon as its locality was ascertained by the survey. (*Rutherford* v. *Green's Heirs*, 2 Wheat. 196; *Fremont* v. *United States*, 17 How. 542.)

By the Court, RHODES, J.:

This is an action to determine a contest arising in the Surveyor-General's office, in respect to the right of the parties to purchase from the State the north half of the northwest quarter of section thirty-six, in township one north of range fifteen east, Mount Diablo range and meridian. The court found that the official plat of the survey of the township was filed in the Stockton Land Office March 21, 1871; that the defendant's application to purchase was filed in the office of the Surveyor-General of the State July 20, 1870; and that the plaintiff's application was filed March 24, 1871. The statute of this State does not contemplate a sale of the sixteenth and thirty-sixth sections until the title has vested in the State. The title to a particular section does not vest in the State before the plat of the survey of the township is approved by the United States Surveyor-General. (*Middleton* v. *Low*, 30 Cal. 604.) There is nothing in the case showing such approval prior to the time when the plat was filed in the local land office. The defendant's application

to purchase having been filed before the State had acquired the title, was unauthorized and void. It is unnecessary to determine whether the lands were subject to sale before the plat was filed.

Cause remanded, with directions to enter judgment that the plaintiff is entitled to purchase the lands in controversy.