[No. 7,092.—In Bank.]

# WILLIAM A. WINDER *v.* E. W. HENDRICKS.

ESTATES OF DECEASED PERSONS — CLAIMS — AFFIDAVITS — UNITED STATES COURT COMMISSIONER—CONSTRUCTION OF STATUTE.—A United States Court Commissioner is not an officer authorized to administer oaths within the meaning and intent of § 1494 of the Code of Civil Procedure. *Held*, accordingly, that an action could not be maintained against an executor upon a rejected claim against the estate, where it appeared that the affidavit to the claim had been made before such an officer.

APPEAL from a judgment for the plaintiff, in the Eighteenth District Court, County of San Diego. McNEALY, J.

*Graves & Chapman*, for Appellant.

*W. Jeff. Gatewood*, and *A. B. Hotchkiss*, for Respondent.

MYRICK, J.:

This is an action brought against an executor to recover the amount of a rejected claim. The affidavit to this claim was sworn to by the claimant in this State before a United States Court Commissioner; and the objection is made, that such commissioner is not an officer authorized to administer oaths within the meaning and intent of § 1494 of the Code of Civil Procedure.

According to § 1494 of the Code of Civil Procedure, the

oath to a claim made against the estate of a deceased person
" may be taken before any officer authorized to administer
oaths." By reference to the following sections, it will be seen
what officers are by the statutes of this State authorized to ad-
minister oaths, viz.: §§ 179, 259, 2012, 2093 of the Code of
Civil Procedure, §§ 1028, 4118, 4103 of the Political Code. In
these sections, no reference is made to any officer other than to
State, county, and township officers of this State. It is argued,
that § 1028 of the Political Code, which provides, that " every
executive and judical officer may administer and certify oaths,"
and § 2093, which provides, that " every officer authorized to
take testimony or decide upon evidence," authorize every officer
who by the Federal statutes may exercise executive or judicial
functions, or may take testimony or decide upon evidence to ad-
minister oaths in proceedings in the local affairs of this State.
We think, however, that such is not the proper construction to
be placed upon those sections. We think that those sections,
and § 1494 of the Code of Civil Procedure, are to be considered
in connection with the other sections above cited, and those other
sections are to be held as determining (in the absence of other
statutes upon the subject) who are the officers referred to as
being authorized to administer oaths. As well might it be said,
that, because a commissioner of another State residing in this
State is authorized by the laws of that State to administer
oaths to be used in the State for which he is commissioner, he
is, by §§ 1494 and 2093 of the Code of Civil Procedure, author-
ized to administer oaths to be used in this State.

Judgment reversed, and cause remanded, with instructions to
sustain the demurrer to the complaint.

Ross, J., McKINSTRY, J., and THORNTON, J., concurred.