[No. 11925.   Department Two. — November 29, 1887.]

## J. Q. GARFIELD, APPELLANT, v. HUGH WILSON ET AL., RESPONDENTS.

SWAMP AND OVERFLOWED LANDS — APPLICATION TO PURCHASE — UNITED STATES COMMISSIONER CANNOT ADMINISTER OATH. — A commissioner of the United States circuit court for California is not authorized to administer the oath on an application for the purchase from the state of swamp and overflowed lands; and an application sworn to before such officer is null and void, and confers no right to purchase on the applicant.

ID. — CONTEST TO DETERMINE RIGHT TO PURCHASE — WHO MAY CONTEST — JURISDICTION OF COURT. — A party who has no right to purchase such land, and even if he has not sought to purchase it, may contest the right of another to purchase. And when the contest is referred to the superior court for adjudication, that court acquires jurisdiction to hear the case, and it becomes its duty to determine as to the rights of each of the parties.

ID. — NECESSARY ALLEGATIONS AND PROOF ON CONTEST. — In a contest to determine the right to purchase swamp and overflowed land, each party must make out his own case, and to that end must allege and prove that the land is subject to sale by the state, and that he has complied with all the requirements of the statute authorizing its purchase. If neither party makes the necessary showing, judgment should be entered that neither of them is entitled to make the purchase.

ID. — SEGREGATION BY UNITED STATES — AVERMENT OF. — Under sections 3441, 3443, and 3445 of the Political Code, as amended in 1874, no ap-

plication to purchase swamp and overflowed land is authorized until the expiration of six months after the land has been segregated as such by authority of the United States; and in a contest to determine the right to purchase, an averment in the answer that the land had been so segregated for more than six months when the defendant's application to purchase was filed raises a material issue.

ID. — INSUFFICIENT FINDING. — In such a contest, the answers of the defendants averred that the land had been segregated by authority of the United States for more than six months when their applications were filed. The evidence showed that their applications were filed in May and June, 1884, and that the plat of the township in which the land is situated was approved by the United States surveyor-general on October 14, 1884. The action to determine the contest was commenced on October 1, 1885. The court found that the land had been segregated as swamp and overflowed for more than six months prior to the commencement of the action. *Held*, that the finding did not respond to the issue raised by the answer, and was insufficient.

ID. — DATE OF SEGREGATION — APPROVAL OF PLAT. — In the absence of other evidence, the date of the approval by the surveyor-general of the United States of the plat of a township containing swamp and overflowed lands must be treated as the date of the segregation of the lands as swamp and overflowed.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Charles E. Wilson,* and *C. A. Webb,* for Appellant.

*Lamberson & Taylor,* for Respondents.

BELCHER, C. C. — This action was commenced to determine a contest between the parties as to the right to purchase from the state a certain section of swamp and overflowed land in Tulare County.

The defendant Wilson filed in the office of the surveyor-general of the state his application to purchase the north half of the section, on the fifteenth day of May, 1884. The defendant Turner filed his application to purchase the south half of the section, on the fourth day of June, 1884. The plaintiff filed his application to purchase the whole section, on the twelfth day of June, 1885; and on demand made by him, the contest was re-

ferred to the superior court of Tulare County for adjudication.

At the trial, the plaintiff, to show his right to purchase the land, offered in evidence a certified copy of his application, which purported to have been sworn to by him before a commissioner of the United States circuit court for California. This was objected to by counsel for defendants, on the ground that it was not sworn to before an officer authorized to administer oaths, and the objection was sustained, the plaintiff reserving an exception.

It is admitted that the ruling was proper in view of the decision of this court in *Winder* v. *Hendricks*, 56 Cal. 464; but we are asked to reconsider that case, and to now hold that a commissioner of the United States circuit court is competent to administer oaths under the laws of this state. Without following the argument of counsel on this point, it is enough to say that, in our opinion, the conclusions reached in the case referred to were correct, and should be reaffirmed here. It follows, therefore, that judgment was properly entered in the court below, that the plaintiff's application was null and void, and he had acquired no right to purchase the land in question from the state.

But though the plaintiff had no right to purchase the land, and even if he had not sought to purchase it, he could still contest the right of the defendants to purchase it. (*Tyler* v. *Houghton*, 25 Cal. 26; *Thompson* v. *True*, 48 Cal. 605.) And when the contest was referred to the court below for adjudication, that court acquired jurisdiction to hear the case, and it became its duty to determine as to the rights of each of the parties.

The question, then, remains: Did the defendants show themselves entitled to purchase the land? In cases of this kind the settled rule is, that each party must make out his own case, and to that end must allege and prove that the land is subject to sale by the state, and that he has complied with all the requirements of the statute author-

izing its purchase. (*Lane* v. *Pferdner*, 56 Cal. 122; *Dillon* v. *Saloude*, 68 Cal. 267; *Gilson* v. *Robinson*, 68 Cal. 539; *Plummer* v. *Woodruff*, 72 Cal. 29.) And if neither party makes the necessary showing, then judgment should be entered that neither of them is entitled to make the purchase. (*Mosely* v. *Torrence*, 71 Cal. 318.)

In his answer to the complaint, each defendant alleged that the land which he sought to purchase was swamp and overflowed land, which was granted to the state by the act of Congress of September 28, 1850, and had been segregated as swamp and overflowed land by authority of the United States for more than six months when his application was filed. These averments raised material issues, for under the provisions of the code, since 1874, no application to purchase swamp land has been authorized until after the land has been segregated as such, by authority of the United States. (Pol. Code, secs. 3441, 3443, 3445.)

When the defendants offered in evidence their applications to purchase the land, they were objected to by the plaintiff on the ground, among others, that it was not shown that at the time when the affidavits and applications were made and filed, the land had been segregated to the state by authority of the United States, and the objections were overruled.

No proof was offered by the defendants to show that the land had been segregated as swamp and overflowed land, and none was before the court except a certified copy of the plat of the township in which the land is situated, which was introduced by the plaintiff. That plat was approved by the United States surveyor-general on the fourteenth day of October, 1884, and under the decisions of this court that date must be treated as the date of the survey. (*Finney* v. *Berger*, 50 Cal. 248; *Medley* v. *Robertson*, 55 Cal. 396.) Running across the plat from a point on the north line of section 4 to the southwest corner of section 25, is a line marked " shore line of Tulare lake in 1855," and west of that line, and nearly

parallel with it, is another line marked "shore line in 1880." On the margin of the plat are entries showing the number of acres in the "area of public land surveyed in 1854," and of swamp-land surveyed in 1880 and 1884. But there was nothing to show that any map or plat of the township, or of any part of it, except the one introduced by the plaintiff, was ever approved or made. The section in controversy lies west of the "shore line in 1880," and conceding that the defendants could use the plaintiff's plat, still we are unable to see any evidence that that section was segregated as swamp-land before the 14th of October, 1884, when the plat was approved.

The court found that all the land in controversy was swamp and overflowed land, and was granted to the state by the act of Congress of September 28, 1850, entitled "An act to enable the state of Arkansas and other states to reclaim the swamp-lands within their limits." It further found that the said land had been segregated to the state of California as swamp and overflowed land for more than six months prior to the commencement of the action. The action was commenced on the first day of October, 1885, and six months prior to that date would be April 1, 1885. As the defendants' applications were filed in May and June, 1884, the finding evidently did not meet the issues, and was insufficient.

In our opinion, therefore, the judgment against the plaintiff, and the order denying him a new trial, should be affirmed, and the judgment in favor of the defendants should be reversed, and as to them the cause should be remanded for a new trial.

FOOTE, C.. and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment against the plaintiff, and the order denying him a new trial, are affirmed; and the judgment in favor of defendants is reversed, and as to them the cause is remanded for a new trial.