[No. 13424. In Bank. — March 7, 1891.]

## WILLIAM W. WREN, RESPONDENT, *v.* JOHN M. MANGAN ET AL., APPELLANTS.

SWAMP AND OVERFLOWED LAND — UNITED STATES SURVEY — PREMATURE APPLICATION — VOID CERTIFICATE OF PURCHASE. — Since the year 1874 no application to purchase swamp-land has been authorized until after the land has been segregated as such by authority of the United States; and a certificate of purchase issued upon an application made before the survey and segregation of such land by the United States is void.

ID. — CONTEST OF RIGHT TO PURCHASE — RIGHTS OF SETTLER. — A settler upon land returned as swamp by the United States survey, who has applied for the land, and has proved that each legal subdivision thereof is suitable for cultivation, is entitled to judgment in his favor upon a contest of the right to purchase the land as against the holder of a certificate of purchase issued upon an application made prior to the survey to one who had never been an actual settler upon the land.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.

The facts are stated in the opinion.

*Justin Jacobs, Jr.*, for Appellants.

*W. B. Wallace*, for Respondent.

The COURT. — When this cause was pending in Department an opinion was prepared by Commissioner Belcher.

After hearing in Bank, and due consideration of the case, we are satisfied with that opinion, and with the conclusion therein reached.   The opinion is as follows:—

" This action was brought to determine a contest as to the right to purchase from the state a certain half-section of swamp and overflowed land situate in Tulare County. The trial court gave judgment for the plaintiff, from which, and from an order denying him a new trial, the defendant Hyde appeals.

" The material facts of the case are as follows: On the second day of July, 1879, the defendant Mangan filed in the state surveyor-general's office his application to purchase a section of land under the law providing for the sale of swamp and overflowed lands.   At that time the township in which the section applied for was situated had not been surveyed, and the section had not been segregated as swamp and overflowed land by authority of the United States.   In 1880 the township was surveyed in the field, and on the ninth day of February, 1881, the township plat was approved by the United States surveyor-general, and filed in his office.

" On this plat the section was marked and designated as swamp and overflowed.   At the time of filing his application, Mangan was qualified to purchase swamp-land from the state, and the application was verified, and stated all the facts required by law for that purpose.   It also had attached to it a certificate of the county surveyor that he had surveyed the section, and a certificate of the register of the United States land-office of the district in which the land was situated that there was no pre-emption, homestead, or other filing of record in his office on the said section.   The application remained unacted upon until the twenty-second day of September, 1883, when it was approved by the surveyor-general, and thereafter, on the 24th of November following, a certificate of purchase for the land was issued to Mangan. Afterwards, by mesne conveyances and assignments, de-

fendant Hyde became the successor in interest of Mangan in the land and certificate.

"In February, 1888, the plaintiff settled on the north half of the section, applied for by Mangan, and on the seventeenth day of March following he filed in the state surveyor-general's office his application to purchase the half-section so settled upon. The application was properly verified, and stated, among other things, that the land applied for was suitable for cultivation, and that there were no settlers thereon other than the applicant, and that he was an actual settler thereon. Plaintiff also filed at the same time his verified protest against the issuance of any further evidence of title to the said half-section to Mangan or his successor in interest, on the ground that the said land was not segregated by authority of the United States until the year 1881, and that the same was suitable for cultivation, and neither Mangan nor his successor in interest had ever been a settler thereon.

"The contest thus raised was referred for determination to the superior court of Tulare County, and this action was thereafter commenced in proper time.

"As conclusions of law, from the facts, the court below found, as to the plaintiff, that he was entitled to purchase the land applied for by him, and to have his application approved by the surveyor-general; and as to the defendants, that the application of Mangan and the certificate of purchase issued thereon, in so far as they relate to the lands in controversy, were illegal, null, and void, and that neither of the defendants had any right to purchase the said land, or any right, title, interest, or estate therein.

"1. The first point made for a reversal of the judgment is, that the evidence was insufficient to justify the findings that the land in controversy, and each legal subdivision thereof, was suitable for cultivation, and that the plaintiff was an actual settler thereon when he

filed his application. This point cannot be sustained. It is unnecessary to recite the testimony, but, in our opinion, it was amply sufficient to establish both propositions.

" 2. The only other point presented is, that one seeking to purchase swamp-land may make his application to purchase the same before the land is segregated to the state as swamp and overflowed by authority of the United States, and that Mangan's application was therefore not prematurely filed. But in *Garfield* v. *Wilson,* 74 Cal. 178, this court held otherwise. In that case it was said that 'since 1874 no application to purchase swamp-land has been authorized until after the land has been segregated as such by authority of the United States'; citing sections 3441, 3443, and 3445 of the Political Code. That decision, if correct, and we think it is, is decisive of the question. (See also *Tubbs* v. *Wilhoit,* 73 Cal. 61.)"

For the reasons given in the forgoing opinion. the judgment and order appealed from are affirmed.