[No. 13944.   In Bank.— March 31, 1891.]

DUNCAN McNEE, Appellant, *v.* G. W. LYNCH, Respondent.   F. C. WARNER et al., Intervenors.

Swamp-lands — Suitableness for Cultivation — Rights of Actual Settlers — Case Affirmed. — *Fulton* v. *Brannan, ante,* p. 454, affirmed to the point that state swamp-lands which are suitable for cultivation can be granted only to actual settlers in tracts not exceeding 320 acres.

Id. — Contest — Intervention by Actual Settler. — An actual settler upon swamp-lands, who shows that he has presented a proper application to purchase the same, may intervene in a contest referred from the state land-office to the superior court for adjudication, and it is not error to refuse to strike from his petition allegations showing the suitableness of the land for cultivation, and his actual settlement thereon and application to purchase the same, and that neither the plaintiff nor the defendant has ever resided upon the land.

Id. — Petition of Amicus Curiæ — Discretion — Error without Prejudice. — Although the petition in intervention filed by an actual settler may not show his right to intervene in the contest, the court, having the duty cast upon it to inquire whether either party to the contest is entitled to purchase the land, and to adjudge accordingly, may, in its discretion, allow the intervenor, as an *amicus curiæ,* to show that neither of the contestants was qualified to purchase the land; and if the intervenor takes nothing by the judgment, and it does not appear that the party appealing was injured, the judgment will not be reversed because the court refused to strike out the petition and overruled a demurrer thereto.

Appeal from a judgment of the Superior Court of Tulare County.

The action was brought to determine a contest respecting the purchase from the state of 640 acres of swamp-lands, which contest had been referred to the superior court of Tulare County for adjudication, by

order of the register of the state land-office. F. C. Warner intervened, alleging that the lands were suitable for cultivation; that neither the plaintiff nor the defendant had ever resided thereon; that he was an actual settler upon a portion thereof not exceeding 320 acres, and had applied to purchase the portion settled upon, setting out his application and affidavit showing his qualification to purchase. The petition of intervention of L. O. Cutler contained similar allegations as to the character of the land and settlement thereupon, and claimed a right to purchase another portion of the tract as an actual settler thereupon, alleging that the petitioner had presented an application therefor, "made in due and legal form, containing all the averments required by law," but not stating the contents or substance of the application. The court found that the lands were suitable for cultivation previous to any application therefor, and that neither the plaintiff nor the defendant was a settler upon or had ever resided upon the land, or had any right to purchase the same, or any part thereof, and adjudged and decreed their respective claims and applications to be null and void. The plaintiff moved to strike out the allegations of Warner's petition respecting the character of the lands as suitable for cultivation, and his actual settlement thereupon and application to purchase the same, and the allegation that neither the plaintiff nor the defendant had resided upon the land, and also moved to strike out the whole of the petition of Cutler. Both motions, and also demurrers of the plaintiff to each of the petitions, were overruled. The plaintiff appealed from the judgment.

*Charles E. Wilson,* and *T. M. McNamara,* for Appellant.

*W. B. Wallace,* for Intervenors.

*N. O. Bradley,* and *G. E. Lawrence,* for Respondent.

TEMPLE, C.—On the merits, this case is on all fours with the case of *Fulton* v. *Brannan*, just decided by this court, *ante*, p. 454.

A further question is raised as to the right of the intervenors to be heard as such. The bill of exceptions only shows the action of the court on a motion to strike out the petitions of intervention, or some portions of them.

There was no error in refusing to strike out the petition of Warner. Cutler's petition shows no right to intervene. It amounted simply to a request to be permitted as *amicus curiæ* to show that neither party to the contest was qualified to purchase. The duty is cast upon the court in such cases to inquire whether either party is entitled to purchase, and if neither is so entitled, to adjudge accordingly. In such circumstances we think it would be no abuse of discretion to allow an *amicus curiæ* to produce evidence to enlighten the court.

The intervenors take nothing by the judgment, and as the bill of exceptions does not show what occurred at the trial, we do not know that either of them appeared or took any part whatever therein. So far as we can know, the plaintiff has not been injured.

Judgment should be affirmed.

VANCLIEF, C., and FOOTE, C., concurred.

THE COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.