[No. 13752.   In Bank. — May 14, 1891.]

## E. A. BELCHER, APPELLANT, *v.* W. D. FARREN, APPELLANT, AND LIZZIE FORD, RESPONDENT.

SWAMP-LANDS — APPLICATION TO PURCHASE — SEGREGATION TO STATE. — An application for the purchase of swamp-land, filed before the segregation to the state, confers no right upon the applicant.

ID. — SUITABLENESS FOR CULTIVATION — ACTUAL SETTLEMENT. — An application for the purchase of swamp land, made by one not an actual settler upon the land, confers no right upon the applicant if the land is suitable for cultivation.

ID. — EVIDENCE — OPINIONS — PROOF OF SUITABLENESS FOR CULTIVATION. — If facts appearing in evidence show that the land is suitable for cultivation, an objection that some of the witnesses were allowed to express their opinions as to the question of suitableness for cultivation is not ground for reversing the judgment.

ID. — PROOF OF ACTUAL SETTLEMENT — BONA FIDES. — The actual settlement required of a purchaser of land suitable for cultivation must be *bona fide*, and must not consist of occasional visits or casual acts not done in good faith to make a home, but simply to secure cheap land; yet if a home is actually established, motives cannot be further questioned.

ID. — PROOF OF CITIZENSHIP — WIFE BORN ABROAD — NATURALIZATION OF HUSBAND — RECORD EVIDENCE. — A widow, born in Ireland, whose parents never came to this country, and who was never naturalized, and who claims the right to purchase land from the state on account of citizenship by marriage to a naturalized citizen, cannot prove the naturalization of her husband by parol, but must produce record evidence, or prove the loss or destruction of the record.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.

The facts are stated in the opinion.

*E. A. Belcher in pro. per.*, and *Freeman & Bates*, for Appellant Belcher.

1. The application of defendant Farren was made before the survey and plat of the township in question had been approved by the United States surveyor-general, and therefore before the land had been segregated as swamp. (Act of Congress of July 23, 1866; 2 Lester's Land Laws, 181, sec. 4; U. S. Rev. Stats., sec. 2488; *Garfield* v. *Wilson*, 74 Cal. 175.) Segregation can be made only by an official survey approved by the surveyor-general, and there is no survey until such approval is had. (*Garfield* v. *Wilson*, 74 Cal. 175; *Medley* v. *Robertson*, 55 Cal. 396; *Finney* v. *Berger*, 50 Cal. 248.) Under the provisions of the code, no application to purchase swamp-land is authorized until after the land has been segregated as such by authority of the United States. (Pol. Code, secs. 3441, 3443, 3445; *Garfield* v. *Wilson*, 74 Cal. 175.) The requirement that lands suitable for cultivation shall be sold only to actual settlers has no application to swamp and overflowed lands. (*McIntyre* v. *Sherwood*, 82 Cal. 139.) The evidence was insufficient to justify the finding that the land in controversy was suitable for cultivation. The evidence of the witnesses who testified that in their opinion the land was suitable for cultivation was entitled to no weight, as no witness can be permitted to substitute his judgment for that of the court by thus testifying to a naked conclusion. (*Bostwick* v. *Mahoney*, 73 Cal. 239; *Gambert* v. *Hart*, 44 Cal. 549; *Yost* v. *Conroy*, 92 Ind. 464; 47 Am. Rep. 156.) The evidence was insufficient to justify the finding that defendant Ford was a citizen of the United States. Her claim that she had married a naturalized citizen of the

United States amounted to an admission that her husband was an alien by birth, and it therefore became necessary for her to prove his naturalization. (*Bode* v. *Trimmer*, 82 Cal. 513; *Estate of Billings*, 65 Cal. 593.) Naturalization is a judicial act, and can be proved only by the record. No other evidence, parol or documentary,— not even the certificate of the clerk of the court, — can avail to prove that fact. (U. S. Rev. Stats., sec. 2165; *Green* v. *Salas*, 31 Fed. Rep. 106, and authorities there cited; *In re Desty*, 8 Abb. N. C. 250; *People* v. *McNally*, 59 How. Pr. 500; *Bode* v. *Trimmer*, 82 Cal. 513.)

*Garber, Boalt & Bishop*, for Appellant Farren.

Defendant Farren's application was valid, and the fact that the land was not segregated until afterward did not defeat it. The swamp-land act of 1850 was a grant *in præsenti*. (*Owens* v. *Jackson*, 9 Cal. 322; *Summers* v. *Dickinson*, 9 Cal. 554; *Kernan* v. *Griffith*, 27 Cal. 87; *Lux* v. *Haggin*, 69 Cal. 255; *Tubbs* v. *Wilhoit*, 73 Cal. 61, 63; *Wright* v. *Roseberry*, 121 U. S. 488.) The state may dispose of any land owned by it. (*Oakley* v. *Stuart*, 52 Cal. 521.) The Political Code does not require segregation of swamp-lands before application therefor. (Pol. Code, secs. 3440, 3441, 3443, 3445.) Farren's application, having been approved after approval of the survey, should be sustained. It should also be sustained because presented after date of the survey in the field, which was a sufficient segregation. The constitution, article 17, section 3, requiring actual settlement, cannot apply to swamp-land, which cannot be such if susceptible of cultivation. (*People* v. *Morrill*, 26 Cal. 336; *Keeran* v. *Griffith*, 31 Cal. 461; *Keeran* v. *Allen*, 33 Cal. 546; *Wright* v. *Carpenter*, 47 Cal. 436; *Thompson* v. *Thornton*, 50 Cal. 142; *McIntyre* v. *Sherwood*, 82 Cal. 139, 141 et seq.; *Manley* v. *Cunningham*, 72 Cal. 236, 241, 242.) · The testimony given by some of the witnesses, expressing their opinions that the land is "suitable for cultivation," is of no weight

whatever, and is not evidence. (1 Wharton on Evidence, 3d ed., secs. 436, 507; Abbott on Trial Evidence, 348, 511; *Gambert* v. *Hart*, 44 Cal. 542, 549; *Bostwick* v. *Mahoney*, 73 Cal. 239; *Ex parte Clark*, 1 Spencer, 648; 45 Am. Dec. 394; *Yost* v. *Conroy*, 92 Ind. 464, 465; 47 Am. Dec. 156; *Clark* v. *Fisher*, 1 Paige, 171; 19 Am. Dec. 402; *Oleson* v. *Tolford*, 37 Wis. 327.)

*W. B. Wallace*, for Respondent.

Defendant Farren's application was filed April 1, 1884, and the land was not segregated until October 14, 1884, and this application and the certificate of purchase based upon it were each void. The only evidence in the case of segregation is the approved plat, and the date of its approval is the date of segregation. (Act of Congress of July 23, 1866; U. S. Rev. Stats., sec. 2488; *Garfield* v. *Wilson*, 74 Cal. 175; *Medley* v. *Robertson*, 55 Cal. 396; *Finney* v. *Berger*, 50 Cal. 248; *Tubbs* v. *Wilhoit*, 73 Cal. 61; Pol. Code, secs. 3441, 3443, 3445.) Lands designated as swamp and overflowed fall within the consitutional provision restricting the sale of lands suitable for cultivation to actual settlers. (2 Rep. Const. Conv. 1147, 1148, 1150; 3 Rep. Const. Conv. 1404–1406; Pol. Code, sec. 3442; 4 Copp's Land-owner, 155; Commissioner McFarland to United States Surveyor-General, California, 1 Dec. Dep. Int. 312–320.) The opinion of the witnesses as to the cultivability of the land was admissible. (*Keeran* v. *Allen*, 33 Cal. 548; *Miller* v. *Prentice*, 82 Cal. 104.) The finding that defendant Ford was a citizen of the United States is supported by the evidence, as her evidence that her husband was a naturalized citizen of the United States at the time she married him, and that all her children were born in this country, is sufficient to show *prima facie* that she was a citizen. (Morse on Citizenship, sec. 94.) The husband's citizenship, whenever it exists, confers citizenship on the wife. (*Kelly* v. *Owen*, 7 Wall. 496.)

TEMPLE, C. — This is a contest over the right to purchase swamp and overflowed lands from the state.   There are three applicants.   Farren's application was filed before the segregation, and under the recent decision of *Buchanan* v. *Nagle,* 88 Cal. 591, the judgment denying his right to purchase must be affirmed.

Belcher's application was made after the survey and segregation, but he is not an actual settler, and the court finds that the land is suitable for cultivation, and on the authority of *Fulton* v. *Brannan,* 88 Cal. 454, the judgment must be affirmed as to him, unless it appears that there was error at the trial such as will necessitate a reversal. We find no such error.

The facts, we think, show, independently of the opinion evidence complained of, that the land is suitable for cultivation.   The land is level, free from serious obstruction to plowing, the soil a rich, sandy loam.   It is near Lake Tulare, but has been dry for some years; and there is evidence that the lake is steadily receding year by year. If in such a soil crops sometimes, or often, fail through drought, it cannot be said, in this state, that the land is therefore unsuitable for cultivation.

The defendant Ford is found to be an actual settler on the east half of the section.   Her residence seems, from the evidence, to be somewhat ideal.   The purchaser is required to be an actual settler.   He must show something more than that he has eaten and slept on the place, besides having a cabin there, and that he has made some fanciful attempts at planting trees, and cultivation.   The section means real settlers on the land, and not occasional visitors.   It does not contemplate casual acts, done, not in good faith to make a home, but simply to secure cheap land.   Although if a home is actually established, motives cannot be further questioned.

At the trial it appeared that defendant Ford was a widow, born in Ireland.   Her parents never came to this country, and she was never naturalized.   After she

came to the United States she married, as she says, a naturalized citizen. If she did so, under the law of Congress she became a citizen. She had no record evidence, however, to prove the naturalization of her husband. Objection was made to the parol proof, and counsel asked to have her application stricken out.

We are constrained to hold, under the decisions, that the evidence was incompetent. (*Miller* v. *Prentice*, 82 Cal. 104; *Bode* v. *Trimmer*, 82 Cal. 513; *Prentice* v. *Miller*, 82 Cal. 575.)

In the last case it is said: " And, like any other judicial record, must be proved by the record itself, or a properly exemplified copy thereof, or by proof of its loss or destruction. (*Charles Green's Sons* v. *Salas*, 31 Fed. Rep. 107.) There are, however, certain limitations to this rule; for after proper proof of the naturalization of the parents of alien children who were under twenty-one years of age and residents of the United States at the time their parents were naturalized, parol evidence may be received to prove the minority and residence of the children, in order to show that they are citizens (U. S. Rev. Stats., sec. 2172); and proof of naturalization may also be by the parol evidence of the party, in the form of an affidavit, in proceedings concerning mining claims, by virtue of section 2321 of the Revised Statutes of the United States; but the appellant does not come within either of these limitations."

This quotation is made because it intimates that in case of the children they must also prove the naturalization of their parents by the record, — a case parallel to the present. The other facts which it is said they may prove by parol constitute no exception to the rule, which is simply that an ordinary naturalization is effected by a judgment, and it must be proven as other judgments are.

So the cases cited by the respondent, if they are properly called naturalizations, are not by judgment, and

the practice in such cases throws no light upon the point involved here.

We think the judgment, so far as it adjudges that plaintiff and defendant Farren are not entitled to purchase the land in question, should be affirmed, as also the motion denying defendant Farren a new trial; and that as to defendant Ford, the judgment should be reversed and a new trial ordered.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment as to plaintiff and defendant Farren, and the order denying defendant Farren's motion for a new trial, are affirmed; and the judgment as to defendant Ford is reversed, and a new trial ordered.