[No. 13721. In Bank. — June 1, 1891.]

ROBERT DEWAR, Respondent, v. JOSEPH RUIZ, Defendant, and I. WELLINGTON GARDNER, Intervener and Appellant.

Swamp and Overflowed Land — Application to Purchase Prior to Segregation — Contest — Evidence. — An application for the purchase of swamp and overflowed land, filed prior to the segregation of the land to the state, is void, and is inadmissible in evidence in an action to determine the rights between the parties claiming the right of purchase of the land.

Id. — Suitableness for Cultivation — Rights of Settlers — Evidence. — In an action to determine the right to purchase swamp and overflowed lands, evidence is admissible in behalf of an actual settler on the land to show that the land in contest, although granted to the state as swamp and overflowed land, and purchasable as such, had been so far changed in its character by natural causes as to have become suitable for cultivation.

Appeal from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*N. O. Bradley, W. B. Wallace,* and *Wells, Guthrie & Lee,* for Appellant.

The court erred in rejecting the proffered evidence of the intervener when he tendered the documents relating to the application of Ruiz to take up the land, and the subsequent papers tendered in evidence by the intervener deraigning title. (*Reese* v. *Thorburn,* 78 Cal. 116.) A certificate of purchase or of location of any lands in this state, issued or made in pursuance of any law of the United States or of this state, is primary evidence that the holder or assignee of such certificate is the owner of the land described therein. (Code Civ. Proc., sec. 1925; *Young* v. *Shinn,* 48 Cal. 26; *Laugenour* v. *Hennagin,* 59 Cal. 625.) The above section of the code applies to swamp-land certificates. (*Goodwin* v. *McCabe,* 75 Cal. 587.) The admission of evidence on

the part of the plaintiff that the land in dispute was dry land was contrary to the plaintiff's undenied averments that the land was swamp and overflowed lands, and was erroneous, and the findings contrary to such averments are against law. (*Perine* v. *Teague,* 66 Cal. 446, 447; *Campe* v. *Lassen,* 67 Cal. 139; *Walker* v. *Brem,* 67 Cal. 599.)

*Lamberson & Taylor,* for Respondent.

The facts set out in the application to purchase must be true; and must be shown by the proofs to be true; and unless the matters of fact which are required by the statute to be alleged in the affidavit are proved at the trial, no right accrues to the party alleging the same. (*McKenzie* v. *Brandon,* 71 Cal. 209, and cases there cited; *Plummer* v. *Woodruff,* 72 Cal. 29; *Harbin* v. *Burghart,* 76 Cal. 119.) The land is suitable for cultivation, and was so proven at the trial; the application of the defendant, having been made before segregation, was void, even if true; and the intervener acquired no greater rights by the assignment of the certificate of purchase to him than the defendant originally had. (*Dillon* v. *Saloude,* 68 Cal. 267; *Garfield* v. *Wilson,* 74 Cal. 178; *Taylor* v. *Weston,* 77 Cal. 534.)

McFARLAND, J.—This action was brought by respondent against Ruiz, defendant, to determine the rights between said parties to purchase certain swamp and overflowed land. Gardner intervened as successor in interest to Ruiz. Judgment went in the lower court in favor of respondent and against the defendant and intervener, and the latter appeals.

1. There was no error committed in refusing to admit in evidence the application of defendant Ruiz to purchase, and subsequent papers dependent upon it, because, waiving all other objections, it appeared, and is not contradicted, the said application was made before

segregation of the land, and was therefore void.   Since the briefs in the case at bar were filed, this court has, in *Buchanan* v. *Nagle*, 88 Cal. 591, in *Wren* v. *Mangan*, 88 Cal. 274, and in later cases, approved the doctrine stated in *Garfield* v. *Wilson*, 74 Cal. 175, that the code makes no provision for an application to purchase prior to segregation.

2.   There was no error in allowing respondent to show that the land in contest, although granted to the state as swamp and overflowed land, and purchasable as such, had been so far changed in its character by natural causes as to have become "suitable for cultivation." (*Fulton* v. *Brannan*, 88 Cal. 454.)

3.   The evidence warranted the findings, and the latter clearly show that the defendant was entitled to purchase.

We see no material error committed at the trial of the cause.

The judgment and order denying a new trial are affirmed.

DE HAVEN, J., HARRISON, J., GAROUTTE, J., and PATERSON, J., concurred.