MARSH v. HENDY (LANGLEY et al., Interveners).

No. 14,147; September 19, 1891.

27 Pac. 647.

**Swamp Land — Application Before Segregation.**—The swamp lands granted to the state are not subject to application for purchase until they have been segregated to the state by a United States survey, and an application filed prior to such segregation confers no rights on the applicant.

**Swamp Land.**—Constitution, Article 17, Section 3, providing that state lands which are "suitable for cultivation" shall be granted only to actual settlers, applies to swamp lands·granted to the state when such lands are suitable for cultivation, and can be reclaimed and cultivated by an actual settler.

APPEAL from ·Superior Court, Tulare County; William W. Cross, Judge.

Action by Archibald Marsh against John H. Hendy to determine a contest as to the right to purchase from the state certain swamp lands. J. R. Langley and others intervene. Judgment being entered in the court below against both plaintiff and defendant, each moved for a new trial, which being refused, they appeal from the judgment and orders denying the motions. Affirmed.

Freeman & Bates for appellant; Garber & Bishop for respondent; W. B. Wallace for interveners.

BELCHER, C.—This is an action to determine a contest, arising in the state land office, as to the right to purchase from the state a certain section of swamp and overflowed land in Tulare county. During the pendency of the action other parties were permitted to intervene for the purpose of showing that neither the plaintiff nor defendant was entitled to make the purchase. After trial the court below found, among other things, that when the defendant made his application to purchase the section in controversy the land had not been segregated as swamp and overflowed land by authority of the United States; that when the plaintiff made his application to purchase the section the land was, and ever since had been,

suitable for cultivation; that neither the plaintiff nor defendant had ever been an actual settler upon the land; and, as a conclusion of law, that neither of them was entitled to purchase the same from the state. Judgment was accordingly so entered. Both parties moved for a new trial, and their motions were denied, and they then appealed from the judgment and orders denying their motions. Since the appeals were taken several other cases involving all the questions arising herein have been considered and passed upon by this court: See Wren v. Mangan, 88 Cal. 274, 26 Pac. 100; Fulton v. Brannan, 88 Cal. 454, 26 Pac. 506; McNee v. Lynch, 88 Cal. 519, 26 Pac. 508; Buchanan v. Nagle, 88 Cal. 591, 26 Pac. 512; Belcher v. Farren, 89 Cal. 73, 26 Pac. 791. These cases are decisive of this, and upon their authority we advise that the judgment and orders appealed from be affirmed.

We concur: Temple, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and orders appealed from are affirmed.