[No. 13945.  In Bank. — September 1, 1892.]

JOSEPH  GOLDBERG,  APPELLANT,  v.  GEORGE  THOMPSON ET AL., RESPONDENTS.

SWAMP AND OVERFLOWED LAND — FITNESS FOR CULTIVATION — PURCHASER MUST BE SETTLER. — Under sections 2 and 3 of article 17 of the constitution, swamp and overflowed lands which have become fit for cultivation before application to purchase can be sold only to actual settlers.

ID. — CONTEST AS TO RIGHT OF PURCHASE. — In a contest over the right to purchase such land, each party is an actor, and must allege and prove all the facts essential to entitle him to purchase.

APPEAL from a judgment of the Superior Court of Tulare County.

The facts are stated in the opinion of the court.

*Charles E. Wilson*, and *T. M. McNamara*, for Appellant.

*W. B. Wallace*, and *Garber, Boalt & Bishop*, for Respondents.

*J. S. Clack, amicus curiæ.*

BEATTY, C. J. — This is a contest over the right to purchase state land, referred by the surveyor-general to the courts for determination. (Pol. Code, sec. 3414.) The superior court decided that neither party had a right to purchase, and plaintiff appeals from the judgment, contending that it is not supported by the pleadings and findings. The land in controversy was "swamp and overflowed" on September 28, 1850, and as such passed

to the state under the congressional grant of that date. Subsequently, and prior to plaintiff's application to purchase, it became, by the operation of natural and other causes, dry and fit for cultivation, but plaintiff has never been a resident or settler upon it. These facts bring the case within the decision in *Fulton* v. *Brannan*, 88 Cal. 454, and *McNee* v. *Lynch*, 88 Cal. 519, in which it was held that sections 2 and 3 of article 17 of the constitution apply to lands of this class which have become fit for cultivation before application to purchase, and forbid their sale to any but actual settlers. Appellant contends that the findings of the superior court as to fitness for cultivation and want of settlement, being outside the issues made by the pleadings, must be disregarded. But the rule invoked has no application to this class of cases, in which each party is an actor, and must allege and prove a complete case in order to prevail. If land is of the class which can be sold only to residents, and neither contestant is a settler, the court cannot ignore the character of the land and the question of residence because it is convenient to the parties to do so. On the contrary, it must decide against both if neither is entitled to purchase. (*Garfield* v. *Wilson*, 74 Cal. 178, and cases there cited.)

The judgment is affirmed.

DE HAVEN, J., GAROUTTE, J., McFARLAND, J., PATERSON, J., and SHARPSTEIN, J., concurred.