[Sac. No. 2725. Department One.—December 23, 1918.]

## WILLIAM B. McGILL, Appellant, v. WILLIAM V. COWAN, Respondent.

STATE LANDS — PURCHASE OF UNSEGREGATED SWAMP AND OVERFLOWED LANDS—CODE PROVISION APPLICABLE.—In the matter of the purchase from the state of unsegregated swamp and overflowed lands, the requirements of section 3493 of the Political Code are complete and exclusive, and the requirements of section 3443 of such code are inapplicable, and no matters are required to be set forth in the application and affidavit of an applicant to purchase unsegregated and overflowed lands than those which are contained in section 3493m of such code.

APPEAL from a judgment of the Superior Court of Siskiyou County. James F. Lodge, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. F. Coburn, for Appellant.

J. Fontaine Johnston and William V. Cowan, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in the defendant's favor, after an order sustaining his demurrer to the plaintiff's complaint without leave to amend. The action was brought under the provisions of section 3415 of the Political Code to determine which of the parties thereto was entitled to purchase from the state of California certain unsegregated swamp and overflowed lands in the county of Siskiyou. The defendant's application to purchase said lands was filed in the state surveyor-general's office on May 26, 1917; the plaintiff's application to purchase the same lands was filed in the same office July 24, 1917. Both applications are set forth in full in the complaint. The only question presented upon this appeal is that of the sufficiency of the respondent's application.

The appellant concedes that the respondent's application complies with the requirements of section 3493 of the Political Code, but insists that it should have also complied as to its contents with section 3443 of the Political Code, which, according to the appellant's contention, is a general section applicable to the purchase of all swamp and overflowed lands of the state. We cannot give our assent to this contention. The sections of the Political Code having special reference to the purchase from the state of portions of its unsegregated swamp and overflowed lands are sections 3493m to 3493t of article IIa of title VIII of said code. This article was added to said code in the year 1907, but was taken bodily from the act of the legislature of 1893 dealing with the same subject, which earlier act was passed in order to provide for the purchase from the state of lands uncovered by the rescission or drainage of waters of inland lakes and of unsegregated swamp and overflowed lands, for the sale of which classes of lands by the state no previous provision had been made. The original act was apparently complete in itself in its provisions as to the application and affidavit for the purchase of such lands and the contents thereof, as to the duties of the surveyor-general in respect to the survey of such lands, the approval of such application, the purchase price to be paid, the reclamation of the lands through the formation of reclamation districts, etc. No reference was made therein to any other acts or to any of the sections of the Political Code then in existence dealing generally with the purchase of swamp and over-

flowed lands; nor is any such reference made in the article of the code in which said earlier act has been codified. On the other hand, section 3443 of the Political Code became a part of that code in the year 1872, being derived from the statutes of 1867–68 having reference to the purchase from the state of segregated swamp and overflowed lands. In the cases of *Buchanan* v. *Nagle,* 88 Cal. 591, [26 Pac. 512], and *Dewar* v. *Ruiz,* 89 Cal. 385, [26 Pac. 832], it was held that no application could be made under this section of the Political Code for the purchase of swamp and overflowed lands prior to their segregation. It was the decision of these two cases in the year 1891 which apparently led to the passage of the act of 1893 providing for the purchase of unsegregated swamp and overflowed lands, from which act, as we have seen, the provisions of sections 3493m to 3493t, inclusive, were codified. Since, according to the foregoing cases, section 3443 of the Political Code had no application to the purchase of unsegregated swamp and overflowed lands, it would seem clear that if it had been the intention of the legislature in the passage of the act of 1893 to have extended the provisions of section 3443 of said code so as to have the same apply to the latter class of lands, it would have expressly so provided in said later act. It did not so provide, but, on the contrary, proceeded to specifically state in said act the requirements of the application and affidavit to be made for the purchase of said lands. We are of the opinion that the provisions of said act and of the sections of the Political Code in which the same are codified are complete and exclusive, and that no other matters are required to be set forth in the application and affidavit of an applicant to purchase unsegregated swamp and overflowed lands than those which are contained in section 3493m of the Political Code. It follows that the application and affidavit of the respondent herein were sufficient in form and substance to give to him the prior right to purchase from the state the unsegregated swamp and overflowed lands described therein. The defendant's demurrer was, therefore, properly sustained without leave to amend.

Judgment affirmed.

Victor E. Shaw, J., *pro tem.,* and Sloss, J., concurred.