[Civ. No. 2016.   Third Appellate District.—May 12, 1919.]

## DON MONTGOMERY et al., Petitioners, v. WILLIAM J. NEILON, County Clerk, etc., Respondent.

[1] MANDAMUS—WHEN WRIT WILL LIE—SUFFICIENCY OF PETITION.— A writ of mandate will issue only where there is not a plain, speedy, and adequate remedy in the ordinary course of law, and unless the facts disclosed by the petition are such as to show this, the order to show cause must be discharged.

[2] ID. — DISMISSAL OF ACTIONS — CONTEST OF STATE LANDS — SUFFICIENCY OF DEFENDANT'S PLEADING—REVIEW.—A writ of mandate will not lie to compel the clerk of the superior court to file and enter in his register dismissals of actions instituted in the superior court on reference of contests of conflicting claims to the right to purchase state lands by the state surveyor-general, where the defendants in such actions filed answers and cross-complaints, to which the plaintiffs filed general demurrers, which were overruled. If the pleadings of the defendants were insufficient, plaintiffs' remedy was by appeal.

[3] STATE LANDS—CONFLICTING CLAIMS TO RIGHT TO PURCHASE— REFERENCE OF CONTEST—JURISDICTION OF SUPERIOR COURT.—Actions instituted in the superior court on reference of contests of conflicting claims to the right to purchase state lands by the state surveyor-general are essentially different in important particulars from ordinary actions at law, and the jurisdiction of the superior court is special, being conferred by sections 3414 and 3415 of the Political Code, and when invoked, it is the duty of the court to proceed and determine the entire controversy referred to it for decisions.

[4] ID.—ALL PARTIES ACTORS—PLAINTIFF WITHOUT RIGHT TO PURCHASE—RIGHT TO CONTEST DEFENDANT'S CLAIM—DISMISSAL OF PROCEEDING.—In such a contest each party is an actor, and must allege and prove all the facts essential to entitle him to purchase;

---

1. Issuance of writ of *mandamus* generally, note, 98 Am. St. Rep. 865.

and though the plaintiffs have no right to purchase the land, they can contest the right of the defendants to purchase it, but they cannot dismiss the entire action and thus deprive the defendants of the right judicially to establish the validity of their claim to a patent.

PROCEEDING in Mandamus to compel the clerk of the Superior Court of Siskiyou County to file and enter certain dismissals of actions which had been commenced by petitioners. Writ denied.

The facts are stated in the opinion of the court.

Jacob P. Wetzel for Petitioners.

Tapscott & Tapscott, Arthur W. Bolton and A. E. Bolton for Respondent.

HART, J.—The petitioners pray for a writ of mandate to compel the respondent, as *ex-officio* clerk of the superior court in and for the county of Siskiyou, to "file and enter in the clerk's register" the dismissal of each of twelve separate and distinct actions, which had been commenced in said court by the petitioners, each in his own right, against Churchill Company, a corporation, and others.

Section 581 of the Code of Civil Procedure provides that an action may be dismissed: " . . . 1. By the plaintiff himself, by written request to the clerk, filed with the papers in the case, at any time before the trial, upon payment of his costs; provided, a counterclaim has not been set up, or affirmative relief sought by the cross-complaint or answer of the defendant. . . . "

It appears from the petition that Jacob P. Wetzel was and is the attorney for each of the petitioners in the actions referred to, and, acting as such for them, and upon the provisions of the above-named code section, presented to the clerk the several written requests for dismissal of said actions, but that that official refused, and still refuses, to file and enter the same in his register.

The petition alleges that the actions referred to were commenced by the petitioners, in the said superior court, on the twelfth day of June, 1917, and were based on contests arising in the office of the surveyor-general of the state of California involving conflicting claims of the plaintiffs and de-

fendants in said actions to patents for lands embraced and described in the application of one P. A. Dorris to purchase the same, and described in certificate of purchase No. 4185, issued to said Dorris, and which contests were by the surveyor-general referred to the superior court of Siskiyou County for adjudication; that the said certificate of purchase issued to said Dorris was by him assigned to Churchill Company. It is alleged that all the complaints filed in said actions "are alike and similar to each other in subject matter and asking for the same relief"; that the Churchill Company appeared in each and all of said actions and, on the tenth day of September, 1918, filed in each action "a document designated as the answer and cross-complaint of defendant, Churchill Company," which document is set out and attached to the petition "and hereby referred to and made a part of this petition the same as if set forth in full herein." It is further stated in the petition that "over and against the objection of your petitioners herein, through their attorney, Jacob P. Wetzel, made thereto, said action, No. 4581, of Daniel C. Cheney, Plaintiff, *v*. Churchill Company, a Corporation, et al., Defendants (said Cheney being a plaintiff in one of said actions and one of the petitioners herein), and the other actions which are now pending in said superior court were, on the twenty-first day of February, 1919, set down for trial, to be tried in said superior court on the twelfth day of May, 1919."

The petition here shows that the defendants filed in each of said actions an answer and a document termed a cross-complaint. It is not necessary to the decision herein that we should repeat herein in detail the facts alleged in those pleadings of the defendants. It is enough to state that the defendants therein alleged that said P. A. Dorris made and filed in the office of the county surveyor of Siskiyou County an affidavit and application to purchase the lands involved in this controversy; that said Dorris took all the steps required by law for the purchase of said lands; that the county surveyor of Siskiyou County, upon the filing of said affidavit and application in his office, made and completed a survey, plat, and field-notes of said lands described in said application, and thereafter forwarded duplicate copies of the same, together with a certified copy of said application, to the surveyor-general; that the surveyor-general sub-

sequently approved the said application; that thereafter said Dorris paid the fees required by law by him to be paid for a certificate of purchase therefor, also paid to the treasurer of Siskiyou County twenty per cent of the principal and the legal interest thereon in advance from the date of approval, as provided by law, and that the surveyor-general, as *ex-officio* register of the state land office, on the fourth day of June, 1874, issued to said Dorris a certificate of purchase for the land described "in said plaintiff's complaint, and the following described lands," describing same; that said defendant, Churchill Company, under and by mesne conveyances and assignments from said Dorris, "is now the owner and holder, and ever since the fourteenth day of March, 1902, has been the owner and holder of said certificate of purchase," etc.

The prayer of the cross-complaint in each of said actions is for a judgment that plaintiff take nothing by the action; that it be adjudged and decreed by the court that the defendant, Churchill Company, is the owner and holder of the certificate of purchase issued to said Dorris, as alleged in the cross-complaint; that said certificate is in all respects and for all purposes valid; that said Churchill Company has paid the full purchase price of said lands and interest upon deferred payments, "and has in all respects complied with the law"; that said defendant is entitled to have a patent issued to it by the state of California for the said lands upon surrender by it of said certificate of purchase to the register, etc., and paying the fees required by law for a patent therefor, etc.

The petition here further states that the plaintiffs demurred on general grounds to the cross-complaint in each of the actions and that the court below overruled the demurrer in each instance.

It further appears from the petition here that, on the seventeenth day of June, 1918, and while the actions above referred to were pending in the superior court of Siskiyou County, the Churchill Company petitioned the supreme court for a writ of mandate directed against the Hon. W. S. Kingsbury, as surveyor-general and *ex-officio* register of the state land office of the state of California, to compel that officer to issue to said Churchill Company a patent for the land described in certificate No. 4185 and in the application

of said Dorris (this certificate being the subject of the contest instituted by said Cheney against the Churchill Company, and one of the actions referred to above); that an alternative writ of mandate was issued by and out of the supreme court, commanding the surveyor-general to issue a patent in the name of the original applicant, or to show cause, etc.; that the surveyor-general answered said petition; that the Churchill Company in said petition to the supreme court stated fully all the facts stated in its pleadings in the actions involved herein and upon which they rely in said actions for the relief prayed for by it in said actions; that the supreme court, after a hearing of said petition, and on the twenty-fourth day of July, 1918, rendered its decision thereon, holding and deciding, upon reasons given in the opinion, that the said certificate of purchase issued to said Dorris by the register of the state land office was and is invalid, and that the Churchill Company did not in said proceeding, upon the facts as stated in the petition therein, establish its right to the relief therein and thereby sought, and, therefore, discharged the alternative writ or order to show cause.

We have now given enough of the contents of the petition here for the purposes of the decision herein.

The respondent herein answered the petition and in his answer merely sets forth, as we have seen the petition does, that the defendants in each of the actions referred to filed a general demurrer to the cross-complaint and that the court overruled the demurrer.

Although the supreme court, in the opinion in the above-mentioned mandate proceeding before it of *Churchill Company* v. *Kingsbury*, 178 Cal. 554, [174 Pac. 329], declared that "it should perhaps be said that the rights of the contestants [referring to the actions below] are not foreclosed by our decision herein, which is, of course, based upon the facts stipulated by the parties to the proceeding," the position taken by the petitioners herein is that neither they nor the defendants in the actions pending in the court below are entitled to patents to the lands in question and that, therefore, the trial of the contests upon the facts pleaded either in their complaints or in the answers and cross-complaints of the defendants could not result legally in the awarding of relief either to the contestants or contestees.

This proposition is based upon the decision of the supreme court in the case above mentioned (*Churchill Co.* v. *Kingsbury, supra*), the petitioners contending that the facts stated in the answers and cross-complaints of the defendants in the actions pending below are identically similar in all vital particulars to the stipulated or agreed statement of facts upon which said decision is founded.

[1] The writ of *mandamus* will issue only where there is not a plain, speedy, and adequate remedy in the ordinary course of law, and, unless the facts disclosed by the petition are such as to show that the petitioners for the relief demanded herein have no plain, speedy, or adequate remedy in the ordinary course of law, we must, of course, discharge the order to show cause.

[2] That the defendants are, by their answers and cross-complaints in the actions referred to, seeking affirmative relief, we do not entertain the slightest doubt. Nor have we any doubt that we are without legal justification for inquiring into the question of the sufficiency of the cross-complaints of the defendants to state causes of action for the relief thereby demanded. The court below passed upon that question on its consideration of the general demurrers interposed by the petitioners to the cross-complaints and held, by overruling said demurrers, that the defendants have stated good causes of action in their cross-complaints and that therein they ask for affirmative relief. To hold that, under such circumstances, it was the duty of the clerk of the superior court to enter a dismissal of the actions on the request of the plaintiffs therein would, of course, be to hold that the clerk himself is authorized to pass upon the question whether the cross-complaints state causes of action and whether the defendants therein ask for affirmative relief. Indeed, the request by the plaintiffs that the clerk enter dismissals in said actions was in effect asking that ministerial officer to review and overrule the order of the court overruling the demurrers in said actions. The clerk, of course, has no such power or discretion. Nor, as above stated, is this court in a proceeding of this character, which involves an extraordinary and summary legal remedy, authorized to pass upon the question of the sufficiency of the cross-complaints to state causes of action. Said pleadings may be wholly deficient in the statement of such facts as

would warrant the awarding of the relief therein prayed for, but the remedy in such cases is by appeal. The proposition here, in point of practice, is an important one. If a precedent for the review of such questions in *mandamus* proceedings, or through the agency of any of the jurisdictional writs, were established, the remedy by appeal would soon become practically obsolete in many cases and the appellate courts flooded with applications for such "short-cut" methods of reviewing questions which, ordinarily, are reviewable only on appeal. In the present case, the defendants may not be entitled to any relief on the facts they have pleaded. It may be that the court below committed obvious error in overruling the demurrers. It was not for the clerk to say whether such is or is not the case, nor is it for this court to determine that question in this proceeding.

Counsel for the petitioners, however, not only contend, as above stated, that the pleadings of the defendants, for reasons also above stated, utterly fail to state facts entitling them to the relief thereby sought, but further contend that, conceding that said pleadings do state sufficient facts and that thereby the defendants are asking for affirmative relief, such relief is not sought as against the petitioners as plaintiffs in said actions. From this it appears to be the argument that the petitioners are entitled to have their request for dismissal entered by the clerk.

[3] Actions instituted in the superior court on reference of contests of conflicting claims to the right to purchase state lands by the state surveyor-general are essentially different in important particulars from ordinary actions at law. "The jurisdiction of the superior court in this class of cases is special, and is conferred by sections 3414 and 3415 of the Political Code, and when invoked, it is the duty of the court to proceed and determine the entire controversy referred to it for decision." (*Perri* v. *Beaumont*, 91 Cal. 30, [27 Pac. 534].) And "though the plaintiff had no right to purchase the land, and even if he had not sought to purchase it, he could still contest the right of the defendants to purchase it." (*Garfield* v. *Wilson*, 74 Cal. 175, [15 Pac. 620].) "In such a contest each party is an actor, and must allege and prove all the facts essential to entitle him to purchase." (*Goldberg* v. *Thompson*, 96 Cal. 117,

[30 Pac. 1019].) **[4]** As the situation now stands, the defendants'in said actions, in asserting their right to purchase the lands involved in the contests, are necessarily opposing or denying the right of the plaintiffs to purchase said lands. Besides, we do not understand it to be the law as to such actions that, because the plaintiff therein desires to abandon the contest, he may dismiss the entire action and thus deprive the defendant, who is, equally with the plaintiff, an actor therein, the right judicially to establish the validity of his claim to a patent. Of course, where there is no question upon the facts that either the contestant or contestee is entitled to a patent, we suppose an abandonment by the one or the other of the contest or the failure of the one or the other to establish his right to a patent would mean that the other party would be entitled to a judgment awarding him the right to purchase and so receive a patent to the land. In the present case, though, the position of the petitioners is, as seen, that neither they nor the defendants are entitled to patents to the lands in question upon the facts pleaded in the several pleadings of the parties. From this position and the fact that they have asked and insist upon a dismissal of the actions, it is obvious that, while they concede that they are not themselves entitled to patents to the lands involved, they nevertheless question the right of the defendants in said actions thereto, and stand ready to oppose the latter in their attempt to establish such right.

Our conclusion is that the writ herein prayed for should not issue and, accordingly, the order to show cause heretofore made herein is discharged and a peremptory writ denied.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 10, 1919.

All the Justices concurred, except Melvin, J., and Olney, J., who were absent.