[Civ. No. 1255. First Appellate District.—June 10, 1913.]

## HARVEY F. TURNEY, Respondent, v. W. H. MORRISSEY et al., Appellants.

CORPORATIONS—MANDAMUS—ALLEGATION AS TO NONEXISTENCE OF OTHER REMEDY.—*Mandamus* will not lie where the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law. And an allegation that he has not such a remedy is but a conclusion of law, and does not avail him where the case is of a character that such a remedy does exist under the law.

ID.—LICENSE-TAX—FORFEITURE OF FRANCHISE FOR FAILURE TO PAY—DIRECTORS AS TRUSTEES.—Upon the forfeiture of the charter of a corporation for failure to pay its license-tax or fee, the directors become at once and *ipso facto* trustees of the corporation and its stockholders, for the purpose of closing up the affairs of the corporation, and, after payment of the debts of the corporation and the expenses of liquidation, to distribute the remaining assets of the corporation among those entitled thereto.

ID.—ACCOUNTING—JURISDICTION OF EQUITY.—As such trustees they are peculiarly subject to the equity jurisdiction of the court, and for any dereliction of duty may be called to account by the party aggrieved in an ordinary action in equity, wherein their accounts and claims for debts paid, expenses incurred, and compensation for services rendered may be adjudicated, and such a decree entered for the final disposition of the remaining assets of the corporation as under the law and facts of the case may be proper.

ID.—REMEDY OF STOCKHOLDERS—MANDAMUS OR ACCOUNTING IN EQUITY. Not only is such an action a plain, speedy, and adequate remedy for a stockholder who claims that he is entitled to receive all of the assets of the corporation, but it is the most appropriate remedy; and therefore he is not entitled to a writ of mandate.

APPEAL from an order of the Superior Court of the City and County of San Francisco directing a Writ of Man-

damus to issue against appellants. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

W. H. Morrissey, for Appellants.

Paul F. Fratessa, and J. J. West, for Respondent.

HALL, J.—This is an appeal by defendants from an order directing that a peremptory writ of mandate issue, commanding defendants, as the trustees of the Anvil Land and Stock Company, a defunct corporation that had forfeited its franchise as a corporation for failure to pay its license fee (*Kaiser Land & Fruit Co.* v. *Curry*, 155 Cal. 638, [103 Pac. 341]), to execute a deed to plaintiff, as the owner of all the issued stock of the corporation, of a certain piece of land, comprising all of the assets of the corporation.

The record discloses without dispute that the forfeiture of the charter resulted through the neglect of plaintiff to pay the license-tax or fee as he had agreed to do. At the time of the forfeiture he held an option to buy from one of the defendants all the shares of issued stock but two.

It is alleged in the petition, among other things, that plaintiff is the owner of all the issued stock of the corporation and that said corporation is not indebted, and that upon demand made by plaintiff defendants, as such trustees, had refused to execute a conveyance of said assets to plaintiff, and that plaintiff has no plain, speedy, or adequate remedy against defendants in the ordinary course of law for their refusal to convey said assets to plaintiff.

We think plaintiff has mistaken his remedy. *Mandamus* will not lie where the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law. The allegation that he has not such a remedy is but a conclusion of law, and does not avail him where the case is of such a character that such a remedy does exist under the law.

Upon the forfeiture of the charter of a corporation for failure to pay its license-tax or fee, the directors in office at the time of such forfeiture become at once and *ipso facto* trustees of the corporation and its stockholders for the pur-

pose of closing up the affairs of the corporation, and, after payment of the debts of the corporation and the expenses of liquidation, to distribute the remaining assets of the corporation among those entitled thereto. As such trustees they are peculiarly subject to the equity jurisdiction of the court, and for any dereliction of duty may be called to account by the party agrieved in an ordinary action in equity, wherein their accounts and claims for debts paid, expenses incurred, and compensation for services rendered, may be adjudicated, and such a decree entered for the final disposition of the remaining assets of the corporation as under the law and facts of the case may be proper. Not only is such an action a plain, speedy, and adequate remedy for a stockholder who claims that he is entitled to receive all of the assets of the corporation, but it is the most appropriate remedy, for in such an action the court is vested with power to determine whether or not all debts, if any existed, have been paid, and to pass upon any claims of the trustees for expenses incurred and compensation in the matter of closing up the affairs of the defunct corporation.

That such an action affords a stockholder claiming to be entitled to receive all the assets of the corporation a plain, speedy, and adequate remedy, we . have no doubt. Until there has been such an accounting and adjudication it is the only appropriate remedy. That such an action is the appropriate remedy to compel the distribution of the assets of a defunct corporation among those entitled thereto is well illustrated by what occurred in this proceeding. The defendants set up a claim for expenses incurred, as trustees in liquidation, in the sum of one hundred dollars, and for compensation for services in the sum of twenty dollars. Without directly passing upon these claims or making any allowance therefor the court found that the corporation was not indebted, and ordered that a peremptory writ of mandate issue, compelling defendants to execute the deed demanded upon the payment of one dollar to each for expenses of acknowledging such deed. The finding that the corporation was not indebted does not cover claims of the trustees for expenses in liquidation. Such expenses are not, correctly speaking, debts of the corporation, but are expenses incurred by the trustees

22 Cal. App.—18

in liquidation, and, if properly incurred, should be allowed them and charged against the assets of the corporation.

These considerations make it plain that plaintiff was not entitled to maintain *mandamus* in the present case.

The judgment is reversed, and the trial court is directed to dismiss plaintiff's petition.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 9, 1913.