[Civ. No. 4832.   First Appellate District, Division One.—May 19, 1924.]

A. J. OLIVER, as Trustee, etc., Petitioner, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA et al., Respondents.

[1] APPEAL—JUDGMENTS—AMENDMENT—ORDER DENYING—APPEALABLE ORDER—REMEDIES.—An order denying a motion to amend an entry of judgment *nunc pro tunc* is an appealable order as being one made after final judgment; and as a general rule the appeal affords an ample remedy.

[2] ID.—REMEDIES—MANDAMUS—PLEADING.—*Mandamus* will not lie to compel a superior court to amend the entry of a judgment *nunc pro tunc* where the petition for the writ of mandate contains no allegations to indicate that an appeal from an order denying a motion to amend such entry of said judgment does not afford a full, speedy and adequate remedy, except the bare recital of this fact, which is but a mere conclusion of the pleader.

[3] ID.—PLEADING—MANDAMUS.—Where it is manifest from the allegations of a petition for a writ of mandate to compel the amendment of an entry of a judgment *nunc pro tunc* that the proceeding is instituted for the purpose of meeting anticipated questions presented by defendant upon its appeal from the judgment which is pending, such writ of mandate will not issue.

---

(1) 3 **C. J.,** p. 520, sec. 353; 38 **C. J.,** p. 565, sec. 36.   (2) 38 **C. J.,** p. 880, sec. 596.   (3) 38 **C. J.,** p. 572, sec. 45.

PROCEEDING in Mandamus to compel the Superior Court of the City and County of San Francisco to amend entry of judgment *nunc pro tunc.* E. P. Mogan, Judge. Writ denied.

---

1.   See 2 **Cal. Jur.** 150.
2.   See 16 **Cal. Jur.** 787; 18 **R. C. L.** 133.

The facts are stated in the opinion of the court.

McKannay & Hunt for Petitioner.

Leon A. Blum and David K. Watkins for Respondent.

TYLER, P. J.—Petition for writ of mandate to be directed to the superior court of the city and county of San Francisco for the insertion of certain names *nunc pro tunc* as of November 13, 1922, the date of the entry of a certain judgment, so as to conform to the facts.

The action in which the judgment was rendered was one in which petitioner, acting as trustee in bankruptcy in the estate of Commercial Brass Foundry, a proceeding pending in the United States district court, brought an action on August 12, 1921, as such trustee in the superior court of the city and county of San Francisco against Staples and Pfeiffer, a partnership, to recover the sum of $689.49, alleged to have been received by defendant as a preference, voidable under the provisions of sections 60a and 60b of the National Bankruptcy Act (32 Stats. at Large, 799, 800 [1 Fed. Stats. Ann, pp. 1004, 1026; U. S. Comp. Stats., sec. 9643]), and the amendments thereto. The caption used in the complaint was "Staples and Pfeiffer, a partnership composed of Earl I. Staples and L. A. Pfeiffer, defendants." In the complaint it is alleged in paragraph 2 thereof that at and during all of the dates and times hereafter mentioned the defendant Staples & Pfeiffer was and now is a partnership composed of the defendants Earl I. Staples and L. A. Pfeiffer, and engaged in business in said city and county. The prayer of the complaint is for judgment against the "defendants." Thereafter on the eighth day of September, 1921, defendants filed a demurrer in said action without specifying any defendant or defendants by name or otherwise identifying any particular defendant or defendants. Throughout subsequent pleadings and orders defendant was designated by both parties as "defendants" generally, although the caption of the pleadings and orders remained the same. In the amended complaint the description of the defendant is "Staples & Pfeiffer, composed of Earl I. Staples and L. A. Pfeiffer, defendants." The prayer is as follows: "Wherefore plaintiff prays for judgment against defendants."

The action was tried before said superior court, department 7 thereof, Hon. E. P. Mogan sitting as judge; and

thereafter and on the thirteenth day of November, 1922, the said judge signed and filed his findings of fact and conclusions of law. Paragraph 2 of said findings of fact reads as follows: "At and during all the dates and times herein mentioned the defendant Staples & Pfeiffer was and now is a partnership composed of the defendants Earl I. Staples and L. A. Pfeiffer, and engaged in business at the said city and county." In the findings of fact the reference is always to "defendants." The conclusions of law are that the plaintiff is entitled to a judgment against the "defendants."

Thereafter and on the thirteenth day of November, 1922, judgment was entered in the action. The judgment does not specify the names of the persons against whom the judgment was rendered. The caption is as follows: "A. J. Oliver, as Trustee in Bankruptcy of Commercial Brass Foundry, a partnership, plaintiff, vs. Staples & Pfeiffer, a partnership composed of Earl I. Staples and L. A. Pfeiffer, defendants." The body of the judgment recites: "The above entitled action came on regularly for trial . . . the answer thereto of the above named defendants . . . appearing as counsel for defendants. . . . It is hereby ordered that the plaintiff have and recover from the defendants the sum of $538.49 and costs of this action taxed at $48."

Thereafter on the 24th of November, 1922, defendant in said action filed its notice of motion to retax costs, which recites: "Please take notice that the defendants . . . ," and is signed by the attorneys as "attorneys for defendants."

In the notice to the clerk to prepare a transcript the defendant is referred to as "defendants," and the notice of appeal describes it as being "defendants" as does also the notice of justification of sureties.

Thereafter on the fourteenth day of September, 1923, the plaintiff in said action filed in said superior court his notice of motion to amend the said judgment *nunc pro tunc* by inserting therein the names of the defendants, namely, "Staples & Pfeiffer, a partnership, and Earl I. Staples and L. A. Pfeiffer, as individuals, as the persons against whom the judgment was rendered, so that the judgment entered shall conform to the judgment actually rendered by the court," and in said notice of motion stated that the same would be made upon the grounds that the judgment as entered was a clerical misprision and failed to name specifically the defendants against whom it was rendered, it being claimed that the record showed who the defendants were and against whom the judgment was actually rendered by the court.

The said motion came on for hearing before the said superior court on October 5, 1923. The defendant in said action through its counsel appeared in opposition to said motion. The said motion was heard and submitted, and thereafter on the sixteenth day of October, 1923, the said superior court made an order denying the motion, and thereafter this proceeding was instituted.

Respondents demurred and answered to the petition, and they claim that it does not state a cause for the issuance of a writ of mandate for various reasons.

It is first contended that the petition shows upon its face that respondent superior court duly acted on said motion and, in the exercise of its discretion, regularly made an order denying said motion; that said order denying said motion is an appealable order, and such appeal will afford a plain, speedy, adequate and complete remedy, assuming that respondent was in error in denying said motion; that it does not appear from the petition that petitioner has not a plain, speedy, adequate or complete remedy in the ordinary course of law to obtain the relief he seeks. It is further urged that the petition shows on its face that the judgment entered in said action corresponds with and conforms to and expresses the judgment actually rendered and declared by the court in said action, and that accordingly there was no clerical misprision in its entry.

In support of the latter contention it is pointed out that amendments to judgments can only be made for the purpose of having the record conform to the truth, and not for the purpose of reviewing or changing the judgment (citing *Crim* v. *Kessing*, 89 Cal. 478 [23 Am. St. Rep. 491, 26 Pac. 1074]; *Scammon* v. *Bonslett*, 118 Cal. 93 [62 Am. St. Rep. 226, 50 Pac. 272]; *Smith* v. *Ross*, 57 Cal. App. 191 [207 Pac. 55]), and where, as here, a judgment is entered in the exact form in which it is rendered there is no room for a correction *nunc pro tunc* (*Burn* v. *Hoag*, 116 Cal. 1 [47 Pac. 775], but that the remedy for relief is by proceedings under section 632 et seq. of the Code of Civil Procedure. Accordingly, it is claimed that as the petition shows that the party defendant was sued as a partnership entity, the mere use of the word "defendants" in the subsequent pleadings and other documents by both parties did not have the effect of making the partners defendants as individuals, and petitioner is not therefore entitled to the amendment (citing

*Bohlman Co.* v. *Bachman Co.,* 16 Cal. App. 589 [117 Pac. 690, 122 Pac. 835]).

Whatever merit there may be in this contention we do not deem a discussion or decision upon the question necessary as we are of the opinion that the right to have the amendment made in this proceeding cannot be maintained.

[1] An order denying a motion to amend an entry of judgment *nunc pro tunc* is an appealable order as being one made after final judgment (sec. 963, subd. 2, Code Civ. Proc.). As a general rule the appeal affords an ample remedy. [2] The petition herein contains no allegations to indicate that an appeal does not afford a full, speedy and adequate remedy, except the bare recital of this fact, which 'is but a mere conclusion of the pleader. Under such circumstances *mandamus* will not lie (*Turner* v. *Morrissey,* 22 Cal. App. 271 [134 Pac. 335]; *Foster* v. *Treager,* 57 Cal. App. 339 [204 Pac. 1089]; *Montgomery* v. *Nelson,* 41 Cal. App. 184 [182 Pac. 456]).

We are cited to the case of *Boust* v. *Superior Court,* 162 Cal. 343 [122 Pac. 956], and other cases as opposing this view. A discussion of these authorities would answer no useful purpose. Suffice it to say that there may be cases depending upon their facts where appellate courts will require by *mandamus* the correction of a judgment in furtherance of justice so that it may conform to the truth, and that this remedy will be granted either before or after an appeal, provided, of course, that the amendment does not affect the substantial rights of the parties. The instant case, however, presents no such facts, nor does it indicate that any useful purpose will be accomplished by the issuance of the writ that cannot otherwise be obtained. It is manifest from the allegations of the petition that the proceeding is instituted for the purpose of meeting anticipated questions presented by defendant upon its appeal from the judgment which is here pending.

[3] This being so the writ will not issue (*Holland* v. *Superior Court,* 169 Cal. 361 [146 Pac. 878]; *Napa Union High School* v. *Board of Supervisors,* 54 Cal. App. 326 [201 Pac. 648]). It is therefore denied and the proceeding dismissed.

Knight, J., and St. Sure, J., concurred.