[Civ. No. 5658. First Appellate District, Division Two.—February 21, 1927.]

## W. W. HUTCHISON, Appellant, v. RECLAMATION DISTRICT No. 1619 et al., Respondents.

[1] Mandamus—Prior Money Judgment Against Reclamation District—Refusal of Trustees to Draw Warrant—Dismissal as to Trustees in Prior Action—Res Adjudicata.—In an action in *mandamus* to compel the trustees of a reclamation district to draw a warrant in payment of a money judgment rendered against the district in an action, authorized by the provisions of section 3453 of the Political Code, for services rendered the district, the plea of *res adjudicata,* based upon the fact that the prior action was dismissed as to the trustees who were joined as parties de-

fendant therein and against whom a prayer was asked that they be required to draw a warrant on the district funds for the amount due, cannot be sustained, where the court in such prior action could not properly have granted the additional remedy of *mandamus.*

[2] Id.—Remedy by Mandamus—Nature of—Equity—Discretion.— *Mandamus* is an extraordinary remedy in the nature of an equitable inference supplementing the deficiencies of the common law, and although classed as a legal remedy, its issuance is largely controlled by equitable principles; and it is a remedy which is awarded not as a matter of right, but in the exercise of a sound judicial discretion.

[3] Id.—Equity.—One who seeks the aid of the court in obtaining the remedy of *mandamus* must come into court with clean hands.

[4] Id.—When Writ may be Denied.—The writ of *mandamus* may be denied when the respondent shows a willingness to perform the act without coercion or where, in the opinion of the court, its issuance is unnecessary—where it appears that the petitioner will obtain the relief sought without the writ and the public interest would be injuriously affected if a writ should issue.

[5] Id.—Remedies.—As a general rule the writ will issue only where there is no plain, speedy, and adequate remedy in the ordinary course of the law.

[6] Id.—Jury Trial.—Because *mandamus* is a special proceeding, the constitutional right of trial by jury (Const., art. I, sec. 7) does not apply, but by special enactment the legislature has provided that when the answer to an application for *mandamus* raises questions of fact affecting the substantial rights of the parties and essential to the determination of the application the court may in its discretion order the question to be tried before a jury.

[7] Id.—Actions Against Reclamation Districts—Remedies—Section 3453, Political Code.—By the new remedy provided in the amendment of 1899 to section 3453 of the Political Code authorizing a direct action against a reclamation district for a money judgment, the creditor was entitled as a right to a trial by jury of the issues of fact involved when the action was at law and was entitled as of right to a judgment against the district whether the issue was before the court or the jury if he established the facts entitling him to that relief, and this right to a judgment did not depend upon the discretion of the court or the jury; and when the legislature gave the creditor this alterna-

2.  See 18 R. C. L. 89; 16 Cal. Jur. 763.
3.  See 16 Cal. Jur. 769.
4.  See 18 R. C. L. 137; 16 Cal. Jur. 776.
5.  See 18 R. C. L. 131; 16 Cal. Jur. 784.
6.  See 16 Cal. Jur. 876.

tive remedy of suing the district for a money judgment it is of no consequence that it did not expressly provide that in its judgment the court should include the mandate that the judgment should be paid by means of a warrant drawn by the trustees upon the funds of the district if available.

[8] ID.—PLEADING—REMEDIES.—The plaintiff in such prior action to recover a money judgment failed to plead facts sufficient to entitle him to any remedy in *mandamus* because he not only failed to allege that he had no other plain, speedy, and adequate remedy at law, but failed to plead any facts which would negative the existence of such a remedy.

[9] ID.—PLEADING—EVIDENCE.—In such *mandamus* action, when the cause came before the trial court, it having been shown to the trial court that the money judgment in the trial court had become final, that it was unsatisfied, that demand had been made upon the trustees to draw a warrant in payment of the judgment as required by law, that the trustees refused to perform this duty, and that because of these facts the legal remedy provided in section 3453 of the Political Code was no longer a plain, speedy, and adequate one, the plaintiff presented a case which in every feature entitled him to the writ prayed for.

[10] ID.—JUDGMENTS—RES JUDICATA.—The general rule that a judgment is conclusive not only as to the subject matter in controversy, but also as to every other matter that was or might have been litigated in the action, is not always applicable literally, but what is really meant by this expression is that a judgment is conclusive upon the issues tendered by the plaintiff's complaint; and thus where a right has accrued subsequent to the former trial and an issue was not tendered or determined in the former trial and was not necessary to a complete disposition of the issues tendered, it could not be said that the former judgment would in every case be conclusive as to that issue.

[11] ID.—ACTION TO COMPEL PAYMENT OF FINAL JUDGMENT—STATUTE OF LIMITATIONS.—As such *mandamus* action was one to require the issuance of a warrant in payment of a final judgment, the statute of limitations began to run from the time the former judgment became final rather than from the time when the work upon which that judgment was founded was performed; and such *mandamus* action having been brought within a few months of the time when the former judgment became final, it was not barred by the statute of limitations.

[12] STATUTE OF LIMITATIONS—JUDGMENTS—CREATION OF NEW DEBT OR LIABILITY.—The general rule is that the recovery of a judgment

8. See 16 Cal. Jur. 862.
10. See 15 Cal. Jur. 154.
12. See 15 Cal. Jur. 167.

creates a new debt or liability, distinct from the original claim or judgment, and this new liability is not merely evidence of the creditor's claim, but is thereafter the substance of the claim itself.

---

(1) 4 C. J., p. 515, n. 2; 34 C. J., p. 893, n. 12. (2) 38 C. J., p. 544, n. 46, 47, p. 547, n. 85, 86. (3) 38 C. J., p. 574, n. 11. (4) 38 C. J., p. 550, n. 7, 13, p. 554, n. 31. (5) 38 C. J., p. 558, n. 74. (6) 35 C. J., p. 179, n. 78, 80; 38 C. J., p. 542, n. 20. (7) 19 C. J., p. 633, n. 53; 35 C. J., p. 157, n. 19; 38 C. J., p. 576, n. 23, p. 590, n. 36, p. 750, n. 98 New. (8) 38 C. J., p. 570, n. 65, p. 881, n. 1. (9) 38 C. J., p. 767, n. 26. (10) 34 C. J., p. 808, n. 38. (11) 38 C. J., p. 831, n. 54. (12) 4 C. J., p. 1210, n. 13; 33 C. J., p. 1056, n. 66; 34 C. J., p. 755, n. 58.

APPEAL from a judgment of the Superior Court of Alameda County. J. D. Murphey, Judge. Reversed.

The facts are stated in the opinion of the court.

J. E. Rodgers and A. F. Bray for Appellant.

E. A. Bridgford and Albert Picard for Respondents.

NOURSE, J.—Plaintiff sued in *mandamus* to compel the defendants to draw and issue to plaintiff their warrant upon the funds of the defendant Reclamation District in payment of a judgment in favor of plaintiff and against the District in the sum of $2,116, and interest, rendered on July 10, 1922, and becoming final on July 28, 1924. The defendants answered pleading the former judgment in bar to plaintiff's right to *mandamus* and also pleading the bar of the statute of limitations. Judgment went for the defendants on both issues and the plaintiff has appealed upon a typewritten record.

In support of the judgment the respondents argue that inasmuch as the appellant in the former action sought *mandamus* to compel the issuance of a warrant, and as the court merely gave a money judgment against the District, we must assume that the court in that action found against the respondent's right to *mandamus* and that the judgment is to that extent *"res adjudicata."* It is also argued that as the present suit involves the same subject matter as the former

action (compensation for services rendered the District in 1919), this cause is barred by the statute of limitations. The appellant contends that the statute gave him two alternative remedies—to sue the District for a money judgment, or to sue the Trustees in *mandamus* to compel them to issue a warrant; that he chose the former remedy and obtained a judgment against the District which is not a bar to the present suit. It is also argued on appellant's part that the present suit is one to require the issuance of a warrant in payment of an adjudicated claim and that the statute of limitations runs from the time the former judgment became final rather than from the time when the work upon which the claim was founded was performed. The questions presented on this appeal are questions of law alone—as to whether the trial court correctly concluded that the appellant's action in *mandamus* was barred by the former judgment and by the statute of limitations.

The controversy arose over the refusal of the Trustees of the District to pay appellant's claim for services rendered to the District at the special instance and request of the Trustees. In the former action the Trustees claimed that the District was not liable because they had not formally contracted with the appellant for the performance of the work. Judgment was rendered against the District from which it appealed to the district court of the third district. That court held (67 Cal. App. 488 [227 Pac. 787]) that the Trustees having by resolution declared an intention to have the work done, one of them having by letter engaged appellant to perform it, all the members of the board having acquiesced in this action, the District having received the benefits, and the Trustees having drawn their warrants for partial payments for the work as it progressed, a contract to pay for the entire work was implied which was binding upon the District. A petition for a transfer to the supreme court was denied and the *remittitur* covering the affirmance of the judgment was filed in the superior court on July 28, 1924. In December, 1924, and again in January, 1925, the appellant herein demanded of the Trustees that they draw their warrant for payment of the judgment and interest. This demand having been refused this action was commenced to compel the Trustees to draw their warrant as demanded.

[1] The judgment-roll in the former case was received in evidence for the purpose of showing that though the action was commenced against the District and the Trustees the judgment was against the District alone. From this it is argued that the judgment must be taken as an adjudication in favor of the Trustees as to appellant's right to *mandamus*. From this judgment-roll it appears that the complaint was not framed in *mandamus*. It pleaded two causes of action—one on an express contract and one for the reasonable value of services rendered. Though the complaint prayed for the issuance of a warrant against the funds of the District, it did not plead the inadequacy of a legal remedy to entitle the plaintiff to 'the extraordinary remedy of *mandamus*. In the judgment we find the recital that the plaintiff had dismissed as to the Trustees individually and that the court "granted the motion of *defendant Reclamation District* number 1619 for a nonsuit as to the first cause of action." Nothing is said as to the Trustees in their capacity as such, but in the opinion of the district court of appeal it is recited that "The trustees of the district were included as defendants, but their motion for a nonsuit was sustained by the trial court and the cause of action as against them dismissed." That court having had the entire record before it, we may take its statement of the record as conclusive, since nothing to the contrary is shown here.

The situation is this: The plaintiff sued the District (a public corporation) for a money judgment and joined the Trustees in a prayer asking that they be required to draw a warrant on the District funds for the amount found due. The defendants answered pleading a misjoinder of parties and the Trustees moved for a nonsuit, which was granted. Findings were made against the District and the judgment went against the District alone. Nothing appears in either findings or judgment favorable to the Trustees except the notation of the dismissal as individuals.

Section 3453 of the Political Code, as amended in 1899, authorizes a direct action against the District for a money judgment. This section was thus amended following the decision of the supreme court in *Hensley* v. *Reclamation District 556,* 121 Cal. 96 [53 Pac. 401], which held that such an action could not be maintained. The effect of the amend-

ment was recognized by the later decision of the supreme court in *San Francisco Savings Union* v. *Reclamation Dist.,* 144 Cal. 639, 646 [79 Pac. 374, 376], where this amendment was treated as "A new law giving a new remedy to the creditor, a right to obtain payment by an ordinary action against the district on the debt." Theretofore the only remedy was to sue under section 3457 of the Political Code in *mandamus* to compel the Trustees of the District to issue a warrant for the amount claimed to be due or to levy an assessment to provide necessary funds. In this section it was provided that "In any proceedings for a writ of mandate to compel the trustees to issue a warrant, if a controversy arises as to the amount that may be due to the plaintiff, the court must determine the same in the manner provided for determining controversies in other civil actions."

[2] *Mandamus* is an extraordinary remedy "in the nature of an equitable interference supplementing the deficiencies of the common law." (*Potomac Oil Co.* v. *Dye,* 10 Cal. App. 534, 537 [102 Pac. 677, 678].) "Although classed as a legal remedy, its issuance is largely controlled by equitable principles." (*Duncan Townsite Co.* v. *Lane,* 245 U. S. 308, 312 [62 L. Ed. 309, 38 Sup. Ct. Rep. 99, 101, see, also, Rose's U. S. Notes]; *Arant* v. *Lane,* 249 U. S. 367, 371 [63 L. Ed. 650, 39 Sup. Ct. Rep. 293].) It is a remedy which is awarded "not as a matter of right, but in the exercise of a sound judicial discretion." (*Duncan T. Co.* v. *Lane, supra; Fawkes* v. *City of Burbank,* 188 Cal. 399, 402 [205 Pac. 675]; *Wilson* v. *Blake,* 169 Cal. 449, 454 [Ann. Cas. 1916D, 205, 147 Pac. 129]; *California Highway Com.* v. *Riley,* 192 Cal. 97, 112 [218 Pac. 579].) Cases may arise "where the applicant for relief has an undoubted legal right, for which *'mandamus'* is the appropriate remedy, but where the court may, in the exercise of a wise discretion, still refuse the relief." (*Wiedwald* v. *Dodson,* 95 Cal. 450, 453 [30 Pac. 580, 581].) [3] "One who seeks the aid of the court in obtaining this remedy must come into court with clean hands." (38 Cor. Jur., p. 574; *Bashore* v. *Superior Court,* 152 Cal. 1, 4 [91 Pac. 801]; *Turner* v. *Fisher,* 222 U. S. 204, 209 [56 L. Ed. 165, 32 Sup. Ct. Rep. 37].) [4] The writ may be denied when the respondent shows a willingness to perform the act without coercion

81 Cal. App.—28

(38 Cor. Jur., p. 554), or where, in the opinion of the court, its issuance is unnecessary—where it appears that the petitioner will obtain the relief sought without the writ and the public interest would be injuriously affected if a writ should issue. (38 Cor. Jur., p. 550.) **[5]** As a general rule the writ will issue only where there is no plain, speedy, and adequate remedy in the ordinary course of law. (Code Civ. Proc., sec. 1086; *Turney* v. *Morrissey,* 22 Cal. App. 271, 272 [134 Pac. 335]; *Foster* v. *Traeger,* 56 Cal. App. 339, 340 [204 Pac. 1089]; *Montgomery* v. *Neilon,* 41 Cal. App. 184, 189 [182 Pac. 456]; *Oliver* v. *Superior Court,* 67 Cal. App. 358, 362 [227 Pac. 647]; *Spangenberg* v. *Western etc. Co.,* 166 Cal. 284, 285 [135 Pac. 1127].) **[6]** Because *mandamus* is a special proceeding, the constitutional right of trial by jury (Const., art. I, sec. 7) does not apply, but by special enactment the legislature has provided that when the answer to an application for *mandamus* raises questions of fact affecting the substantial rights of the parties and essential to the determination of the application the court *may* "in its discretion order the question to be tried before a jury." (Sec. 1090, Code Civ. Proc.)

It is hardly necessary to say that in each particular above noted the special proceeding in *mandamus* differs from the ordinary action at law and that when the legislature, by the amendment of 1899, authorized a direct suit against the District it did, as pointed out by the supreme court in *San Francisco Sav. Union* v. *Reclamation Dist.,* 144 Cal. 646 [79 Pac. 374], provide a new remedy to the creditor of the District, whereas, prior to the amendment, the creditor's only remedy was to sue the Trustees of the District in *mandamus* to compel them to issue a warrant upon the funds of the District (or to compel the levy of an assessment), in which action he was not entitled to a trial of the issues of fact by a jury as of right and in which action the granting of relief was a matter of discretion in the court and not a matter of right. **[7]** By the new remedy provided in the amendment to section 3453 of the Political Code the creditor was entitled as a right to a trial by jury of the issues of fact involved when the action was at law and was entitled as of right to a judgment against the District whether the issue was before the court or the jury if he established the

facts entitling him to that relief, and this right to a judgment did not depend upon the discretion of the court or the jury.  When the legislature gave the creditor this alternative remedy of suing the District for a money judgment it is of no consequence that it did not expressly provide that in its judgment the court should include the mandate that the judgment should be paid by means of a warrant drawn by the Trustees upon the funds of the District if available. In this connection it is fair to assume that when a creditor had reduced his claim to judgment after a trial wherein the issues of fact in controversy and the questions of law involved had been determined the warrant would follow as of course and without specific mandate because, as the Trustees of the District constitute the only governing body of the District, and the only body which may draw warrants upon the funds of the District, as well as the only body which may defend the District in the action brought against it, all questions of both law and fact determining the action against the District would be *res adjudicata* and binding upon the Trustees of the District as such in any action brought against them under section 3457 to compel the issuance of a warrant.

It might be added that it would be difficult to conceive of a case where the Trustees could be properly joined as parties defendant with the District in an action of this kind.  *Mandamus* would only lie when the Trustees had failed to perform a duty imposed upon them by law, and it must be predicated upon a prior demand to perform that duty.  A demand that they draw a warrant to pay a judgment not yet rendered would be an idle act and a refusal to comply with the demand would be fully justified.  It would seem that, when the legislature gave the creditor another remedy through the amendment to section 3453, it reduced the remedy authorized by section 3457 to the ordinary action of *mandamus* covered by sections 1085 and 1086 of the Code of Civil Procedure.

The plaintiff, in the original action, did not follow either of these remedies alone, but he endeavored to avail himself of both.  He joined the Trustees as parties defendant with the District itself and pleaded facts sufficient to bring him under section 3453, but he failed to plead facts sufficient to entitle him to any remedy in *mandamus*.  [8]  This is so because he not only failed to allege that he had no other plain,

speedy, and adequate remedy at law (an allegation which it is true is merely an allegation of a conclusion of law,— *Turney* v. *Morrissey,* 22 Cal. App. 271, 272 [134 Pac. 335]), but failed to plead any facts which would negative the existence of such a remedy. Furthermore, upon the face of the complaint and by the joinder of the District as party defendant it affirmatively appeared from the complaint itself that another remedy did exist (an action under section 3453), and before the plaintiff could be heard in *mandamus* it was necessary for him to plead and prove that this other remedy was not a plain, speedy, and adequate one.   (*Turney* v. *Morrissey, supra.*)

The issues presented to the trial court in the first action were as to the first cause of action whether an express contract had been executed, and, if so, whether it had been legally executed on the part of the District; and as to the second cause of action, whether the District was legally liable upon an implied contract.   Having determined these issues and having come to the conclusion that the plaintiff was entitled to a money judgment against the District it is fair to assume that the court declined to issue a writ of *mandamus* against the Trustees for any of the following reasons: That the Trustees were improperly joined as parties defendant; that judgment against the District was a plain, speedy, and adequate remedy, that all questions of fact having been determined and the legal liability having been adjudicated a warrant would follow as of course in satisfaction of the judgment without a writ of *mandamus;* or that the defendants satisfied the court that the judgment would be paid without the issuance of a writ.   It is impossible to conceive of how *mandamus* for a warrant could be denied *on its merits* where the plaintiff was adjudged to be entitled to the sum of money named in the judgment.

Though the record discloses that the trial court in the first action did not affirmatively pass upon the applicant's right to a writ of mandate, it also discloses that the court did give to the applicant affirmative relief in the nature of a judgment against the District.   It follows from what we have heretofore said that because of that remedy the court could not have properly granted the additional remedy of *mandamus,* and whether the action was dismissed as to the Trustees, or whether the plaintiff was nonsuited as to them,

the court entered the only judgment which would have been proper under the circumstances. [9] When the cause came before the trial court in the second action, it having been shown to the trial court that the judgment had become final, that it was unsatisfied, that demand had been made upon the Trustees to draw a warrant in payment of the judgment as required by law, that the Trustees refused to perform this duty, and that because of these facts the legal remedy provided in section 3453 of the Political Code was no longer a plain, speedy, and adequate one, the plaintiff presented a case which in every feature entitled him to the writ prayed for. On that hearing the question of *res adjudicata* would arise only on the matter of the liquidation of the claim for services and the legal liability of the District to pay for them.

[10] It is unnecessary to analyze the cases cited by respondent which support the general rule that a judgment is conclusive not only as to the subject matter in controversy, but also as to every other matter that was or might have been litigated in the action. It is sufficient to say that this rule is not always applicable literally, but that "what is really meant by this expression is that a judgment is conclusive upon the issues tendered by the plaintiff's complaint." (*Concannon* v. *Smith,* 134 Cal. 14, 18 [66 Pac. 40, 42]; *Brown* v. *Brown,* 170 Cal. 1, 6 [147 Pac. 1168]; *Lang* v. *Lang,* 182 Cal. 765, 768 [190 Pac. 181]; *Linforth* v. *Montgomery,* 195 Cal. 49, 58 [231 Pac. 735].) Thus where a right has accrued subsequent to the former trial and an issue was not tendered or determined in the former trial and was not necessary to a complete disposition of the issues tendered, it could not be said that the former judgment would in every case be conclusive as to that issue.

[11] We find no merit in respondents' pleas of the statute of limitations. The action is to compel the Trustees to perform a duty imposed upon them by law—to draw a warrant to pay a final judgment. The action was brought within a few months of the time when the judgment became final. It is not based upon the original claim for services rendered—that claim has long since been adjudicated by the judgment in appellant's favor. In support of the pleas respondents advance the argument that as the issue was raised in their answer, the allegations of which the trial court

found to be true, that finding is conclusive upon us on this appeal. This is a correct statement of the record so far as it goes, but the question here is really one of law—as to the correctness of the trial court's conclusion of law that the cause of action was barred by the statute of limitations. So far as the issues of fact are concerned the pleas were based upon the theory that the relief demanded in the former action was the same relief as demanded here, that is to say, that the subject matter of both actions was the liability of the District to pay for the services rendered to the District. It was stipulated that the subject matter of the claim against the District was for work performed prior to May, 1920; that no other services were rendered by the appellant to the District since that date, and that the claim now urged against the District was based upon the same services involved in the prior action. These were the facts which the trial court found to be true and that finding is not attacked. But when the trial court concluded therefrom that the appellant's cause of action was barred by the statute of limitations it overlooked the fact that though both claims may have originated from the same services they were really two different causes of action.

[12] The general rule is stated in 34 Corpus Juris, page 755, that "the recovery of a judgment creates a new debt or liability, distinct from the original claim or demand, and this new liability is not merely *evidence* of the creditor's claim, but is thereafter the *substance* of the claim itself." (Emphasis ours.) Here the original claim was for $2,422 based upon an implied contract to pay the reasonable value of services rendered. Upon trial of that issue the court determined that the reasonable value of the services was $2,116 and judgment for that amount was entered on July 10, 1922, and drew interest at the statutory rate from the date thereof. This judgment became final by the filing of the *remittitur* on July 28, 1924. On December 11, 1924, demand was made upon the Trustees for the payment of the judgment and a similar demand was made on January 29, 1925. This action was commenced May 11, 1925, demanding payment of the judgment *with interest* thereon from the date of its entry—July 10, 1922. The only question of the application of the statute of limitations involved here is, therefore, whether this suit was commenced within the statutory time following

the date when the judgment upon which it is based became final. The shortest period of limitation pleaded is that provided in section 339 of the Code of Civil Procedure, which is two years from the time when the cause of action shall have accrued. Inasmuch as this action was commenced within one year from the accrual of the cause of action it was manifestly brought within time.

The only authority upon which the respondents rely in support of their plea is *San Francisco Sav. Union* v. *Reclamation Dist. No. 124*, 144 Cal. 639 [79 Pac. 374]. In that case the supreme court had before it the question of the effect of the amendment to section 3453 of the Political Code, made in 1899. Actions had been brought in *mandamus* to compel the trustees to levy an assessment to pay claims against the District and these had all resulted in judgments favorable to the Trustees. When the amendment to section 3453 was enacted in 1899 the claimants commenced an action under that section against the District to adjudicate these claims, all of which had arisen prior to May 10, 1885. In holding that the amendment of 1899 was not retroactive the supreme court said that the right to resort to the remedy of *mandamus* having been long barred by the statute of limitations, "It would be an impossible construction of the amendment of 1899 to hold that it not only gives the right to maintain an action against the district upon these stale claims, but also revives the right to maintain the suit for a writ of mandate to compel an assessment which had been previously barred by the statute of limitations. Such a construction could never be based upon implication merely, but would require express and distinct words to that effect." The court did not have before it a case, such as we have here, where the action under section 3453 was brought within the statutory period and judgment rendered against the District. We must hold that such a judgment follows the general rule of all judgments upon unliquidated claims and that it created a new debt or liability against the District. Such being the case in any action on that judgment, the statute of limitations would begin to run from the time when the judgment became final and not from the time when the original debt was created.

Judgment reversed.

Sturtevant, J., and Koford, P. J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 21, 1927.