[Civ. No. 20232. Third Dist. Jan. 20, 1982.]

JACK L. BOWDEN et al., Plaintiffs and Respondents, v.
ROBERT E. GREEN, Defendant and Appellant.

**COUNSEL**

Robert C. Schleh and Robert L. Hewitt for Defendant and Appellant.

Barr, Minoletti & Newlan, John D. Barr, Craig A. Sinclair and Douglas Sohn for Plaintiffs and Respondents.

**OPINION**

**SPARKS, J.**— The question presented is whether a judgment is valid when it is inadvertently signed by the trial judge but correctly reflects the undisclosed stipulation of counsel. We hold that the answer depends upon the validity of the stipulation; if valid, such a judgment cannot be attacked on appeal; if invalid, the judgment is correctable.

(2) Defendant appeals from an order denying the "Motion to Correct Judgment."[1] He sought to correct the judgment on the ground of clerical error. Because we conclude that the stipulation was invalid, we reverse.

FACTS

In July 1976 plaintiffs[2] filed suit for breach of contract seeking damages equal to state and federal tax refunds received by defendants.

---

[1]The order is appealable as an order after final judgment. (Code Civ. Proc., § 904.1, subd. (b); *Oliver* v. *Superior Court* (1924) 67 Cal.App. 358 [227 P. 647].)

[2]Plaintiffs are Jack L. Bowden and Maxine Bowden; in the original action, Foresite Industries, Inc., Robert E. Green, Lois R. Green, Gerald W. Peyton, Marion B. Peyton, Richard W. Green were named as defendants. Only defendant Robert E. Green has appealed.

Plaintiffs had previously sold a liquor business to defendants; the transaction was secured by a promissory note executed by defendants in plaintiffs' favor. The complaint alleged defendants received state and federal tax refunds but had refused to pay these refunds to plaintiffs, as required under the terms of the note. In a second cause of action, plaintiffs alleged defendants' failure to remit the tax refunds entitled plaintiffs to accelerate the balance due on the note.

Defendants answered, asserting ▮ they owed no tax refunds to plaintiffs and ▮ that plaintiffs had committed fraud in the sale of the business and for that reason were not entitled to receipt of any tax refunds. In addition, defendants cross-complained against plaintiffs, seeking damages for alleged fraud by plaintiffs during the negotiations surrounding the sale of the business.

A court trial was held in Shasta County Superior Court before the Honorable Clyde Small. Closing arguments were presented at a later time, and thereafter the court filed its intended decision, finding plaintiffs were not entitled to any of the tax refunds received by defendants. The intended decision was later modified, the court finding plaintiffs entitled to $1,617, which represented a state income tax refund received by defendants. In addition, plaintiffs were awarded interest and attorney fees in connection with their recovery of these damages. In all other respects, the intended decision remained intact. Thereafter, judgment was entered as follows: "... the court having heard the testimony and considered the evidence, and findings having been waived, ... orders the following judgment: ... [¶] 1. Plaintiffs recover from defendants the sum of $1,671; $100 attorney fees, and $709.18 interest; [¶] 2. That defendants recover from plaintiffs $1,500 attorney fees; [¶] 3. That cross-complainant [defendants] take nothing by reason of its cross-complaint on file; [¶] 4. That each party bear his own costs of suit."

In May 1980, almost one year after final judgment was entered, defendants filed a "Motion to Correct Judgment." The basis for this motion was the part of the judgment which provided defendants take nothing by way of their cross-complaint, a provision which defendants claim was inadvertently entered into the judgment.

In support of their motion, defendants submitted the declaration of Clyde Small, the trial judge who resigned after the trial. In his declaration, Judge Small stated that the provision dismissing the cross-complaint did not come to his attention at the time he signed the judg-

ment; it was not his intention to include in the judgment a provision dismissing the cross-complaint; and the parties had informally agreed at the pretrial conference to litigate only those issues concerning plaintiffs' right to state and federal tax refunds, reserving for a later trial the other issues presented.

Plaintiffs opposed the motion, submitting the declaration of Archer Pugh, plaintiffs' trial counsel. Pugh declared defendants' counsel agreed prior to trial to dismiss the cross-complaint in return for plaintiffs dropping their claim to accelerate the balance due on the note. In turn, defendants submitted the declaration of Robert Green (one of the defendants) who declared defendants had never authorized the dismissal of their cross-complaint and were unaware of any such action.

At the hearing on the motion, Pugh was the only witness to testify. His testimony reaffirmed statements in his declaration; in addition, he testified a copy of the proposed judgment was provided to defendants' trial counsel prior to the time judgment was entered, and counsel made no objection. The motion was taken under submission and later denied. The trial court's findings of fact and conclusions of law reflect the following:

"1. The parties hereto, acting by and through their counsel of record, agreed to a dismissal of the cross-complaint in return for a dismissal by the plaintiff of cause of action seeking to accelerate the entire balance due on the note. This stipulation took place between counsel off the record, was bargained for and supported by consideration from both sides.

"2. The stipulation became a matter of record when a judgment that found against cross-complainant on the cross-complaint was submitted to the Court, and signed by the Court without objection from counsel for the cross-complainant.

"3. The judgment hereinbefore entered on May 24, 1979, is regular, and appropriately disposes of the issues presented in this litigation and was not entered due to inadvertence or clerical error."

"Conclusions of Law

"1. The moving party has not demonstrated that it is entitled to the relief sought."

DISCUSSION

That a court of general jurisdiction has the power to correct clerical error in its judgment so that the judgment will conform to and speak the truth, regardless of the lapse of time and whether made by the clerk, counsel or the court itself, is a principle so established as to be beyond argument. (*In re Candelario* (1970) 3 Cal.3d 702, 705 [91 Cal.Rptr. 497, 477 P.2d 729]; see Code Civ. Proc., § 473; see also, 4 Witkin, Cal. Procedure (2d ed. 1971) Judgments, § 66, p. 3228.) The first question before this court, however, is whether the trial court could properly conclude that inclusion in the judgment of the paragraph that defendants take nothing by way of their cross-complaint was not a clerical error.

Defendants argue Judge Small's declaration that he was unaware of the paragraph dismissing the cross-complaint demonstrates a clerical error occurred, and that his concession "should have been binding on the trial court . . . ." Under the facts of this case, we agree.

We begin our analysis by reviewing the distinction between clerical and judicial errors in judgments. A clerical error in a judgment is an inadvertent one made by the court which cannot reasonably be attributed to the exercise of judicial consideration or discretion. (*Estate of Goldberg* (1938) 10 Cal.2d 709, 715 [76 P.2d 508].) "The test is simply whether the challenged judgment was made or entered inadvertently (clerical error) or advertently (judicial error)." (4 Witkin, Cal. Procedure, *supra*, § 65, p. 3226.)

It is also settled that "[i]n determining whether an error is clerical or judicial, great weight should be placed on the declaration of the judge as to his intention in signing the [judgment]." (*Gill* v. *Epstein* (1965) 62 Cal.2d 611, 615 [44 Cal.Rptr. 45, 401 P.2d 397].) The rationale for that rule was succinctly stated by Witkin: "Where the error is made by the judge it is seldom clear from the record or other extrinsic evidence whether the error is judicial or clerical; i.e., whether (a) he knowingly rendered a judgment without realizing that it was bad in law (judicial error), or (b) inadvertently or by mistake signed findings or a judgment or order which he did not intend to constitute his decision. The issue is one of the judge's intent, and the best evidence is the judge's own statement, either express or implied from the order of correction. Hence, where the record permits an inference of clerical error,

the judge's affidavit or declaration will be extremely persuasive on appeal." (4 Witkin, Cal. Procedure, *supra*, § 75, p. 3235.)

■ No evidence was presented at the hearing that Judge Small ever knew of the agreement between counsel to dismiss the cross-complaint. Although the judgment may have reflected the secret agreement of the attorneys, it did not reflect the intent of Judge Small. Simply stated, there was no evidence before the trial court which tended to rebut Judge Small's declaration that he signed a judgment dismissing the cross-complaint solely by inadvertence. ■ As we noted in *Zisk* v. *City of Roseville* (1976) 56 Cal.App.3d 41, 47 [127 Cal.Rptr. 896], "[w]here the judgment as signed does not express the actual judicial intention of the court, but is contrary thereto, the signing of such a purported judgment is a clerical error rather than a judicial one. [Citations.]"

■ That does not end our inquiry. If defendants validly stipulated to the actual judgment entered, they cannot now complain on appeal that the trial judge made a clerical error. ■ "It is a fundamental rule of appellate procedure that an order will not be disturbed on an appeal prosecuted by a consenting party. A stipulation is a consent within the meaning of this rule. [Citations.]" (*In re Marriage of Carter* (1971) 19 Cal.App.3d 479, 488 [97 Cal.Rptr. 274].) ■ We consider therefore whether there was substantial evidence to sustain the trial court's further finding that the judgment was stipulated to by counsel for the parties. We hold there was. Unaware of the stipulation, Judge Small's declaration obviously did not allude to it. Pugh's declaration asserted that such a stipulation was made between himself and defendant's trial counsel, Gary Borchard. Borchard did not file any counterdeclaration. The evidence was therefore uncontradicted that such a stipulation was entered into by counsel.

We next turn to examine the validity of that stipulation. ■ "A stipulation in proper form is binding upon the parties if it is within the authority of the attorneys." (1 Witkin, Cal. Procedure (2d ed. 1970) Attorneys, § 125, p. 137.) ■■■ Thus the validity of a stipulation raises two issues: the authority of the attorney to enter into it and its form.[3]

---

[3]Code of Civil Procedure section 283, subdivision 1, reads as follows: "An attorney and counselor shall have authority: 1. To bind his client in any of the steps of an action or proceeding by his agreement filed with the clerk, or entered upon the minutes of the

"Section 283 of the Code of Civil Procedure provides that an attorney may bind his client 'in any of the steps of an action or proceeding.' The attorney is authorized by virtue of his employment to bind the client in procedural matters arising during the course of the action but he may not impair the client's substantial rights or the cause of action itself." (*Linsk* v. *Linsk* (1969) 70 Cal.2d 272, 276 [74 Cal.Rptr. 544, 449 P.2d 760].) It is undeniable here that counsel's agreement to dismiss the cross-complaint "impaired" that cause of action and, in the absence of consent, ratification or estoppel, was invalid. "In *Robinson* v. *Hiles*, [(1953) 119 Cal.App.2d 666], the court stated the principle thus: 'In California it is settled law that mere employment of an attorney to represent a client in litigation does not carry with it the power to compromise that litigation.' (P. 672.) (See also the general rule of an attorney's authority set out in 7 Am.Jur.2d at p. 127, where it is said there is no dissent from the proposition that an attorney has no implied power to settle his client's cause of action.) [¶] It follows that dismissal of a cause of action by an attorney acting without any authority from his client is an act beyond the scope of his authority which, on proper proof, may be vacated at any time." (*Whittier Union High Sch. Dist.* v. *Superior Court* (1977) 66 Cal.App.3d 504, 509 [136 Cal.Rptr. 86].)

The record is uncontradicted that counsel for defendant was not expressly authorized by his clients to dismiss their cross-complaint for fraud. He also did not have implied authority to do so because, as we have noted, the stipulation resulted in the surrender of a substantial right. (*Bice* v. *Steven* (1958) 160 Cal.App.2d 222, 231-232 [325 P.2d 244]; *Redsted* v. *Weiss* (1945) 71 Cal.App.2d 660, 663 [163 P.2d 105].) The record is also devoid of any facts which would justify invoking the doctrines of estoppel and ratification (cf. *Navrides* v. *Zurich Ins. Co.* (1971) 5 Cal.3d 698 [97 Cal.Rptr. 309, 488 P.2d 637, 49 A.L.R.3d 828]) or that of ostensible authority. (Cf. *Yanchor* v. *Kagan* (1971) 22 Cal.App.3d 544 [99 Cal.Rptr. 367].) Because counsel's dismissal stipulation was wholly unauthorized and was made without the

court, and not otherwise." The stipulation here was neither filed with the clerk nor entered upon the minutes of the court. Read literally, the only valid forms of stipulations would be written ones filed with the clerk or oral ones entered in the minutes. However, such a literal construction, it has been held, was never intended. (*Continental Bldg. etc. Assn.* v. *Woolf* (1910) 12 Cal.App. 725, 730 [108 P. 729].) An authorized or ratified stipulation, defective for lack of compliance with this subsection, is nevertheless enforceable if the stipulation has been executed. (*Reclamation District* v. *Hamilton* (1896) 112 Cal. 603, 609 [44 P. 1074].) Since the stipulation here was executed, only the authority of counsel is at issue.

knowledge or consent of his clients, it could not form the basis of a valid judgment.

Since the judgment on the cross-complaint was entered by clerical error and cannot be sustained as a valid stipulated judgment, the order of the trial court denying a motion to correct that judgment was erroneous.

The order denying the motion to correct the judgment is reversed. The cause is remanded with instructions to enter a new order granting the motion.

Puglia, P. J., and Blease, J., concurred.