[No. B042258. Second Dist., Div. Five. Oct. 17, 1991.]

In re the Marriage of RAYVESTA and JASPER CROOK.
RAYVESTA CROOK, Plaintiff and Appellant, v.
JASPER CROOK, Defendant and Respondent.

## Counsel

Levin & Margolin, Lionel P. Levin and William J. Cleary, Jr., for Plaintiff and Appellant.

Bleavans & Greenberg, Robert E. Blevans and Mariellen Yarc for Defendant and Respondent.

## Opinion

**ASHBY, J.**—In this case we hold that a client is bound by her attorney's written stipulation to a temporary judge in substantial compliance with rule 244, California Rules of Court.

After three postponements of the trial of this marital dissolution action due to court congestion, respondent Jasper Crook's attorney suggested to appellant Rayvesta Crook's attorney that they have the matter tried by retired Judge Earl Riley. Appellant's attorney agreed. The attorneys signed a stipulated order for appointment of retired Judge Riley as temporary judge. Although signed by the attorneys, the written stipulation was not personally signed by respondent or appellant.

The presiding judge of the superior court approved the stipulation and appointed Judge Riley as temporary judge to preside at the trial. Judge Riley presided over trial of the action. After submission of written closing arguments Judge Riley announced his intended decision.

Subsequently appellant, who had since changed attorneys, filed a motion to vacate the stipulation to Judge Riley. She urged that the proceedings before Judge Riley were void on the grounds appellant did not sign the stipulation, she was not informed by her attorney that Judge Riley was a temporary judge and she did not become aware of the judge's status until after the decision. The motion was opposed by respondent.

Temporary Judge Ballew denied appellant's motion, finding that Judge Riley was a temporary judge by virtue of the stipulation of appellant's counsel and the conduct of appellant. Judge Ballew took judicial notice of records on file in the superior court containing Judge Riley's oath of office and a prior order of the presiding judge appointing Judge Riley as temporary judge, pursuant to article VI, section 21 of the California Constitution and rule 244, California Rules of Court, in all cases wherein the parties so stipulate.

## DISCUSSION

Rule 244, California Rules of Court (hereafter rule 244) provides, "The stipulation of the parties litigant that a case may be tried by a temporary judge shall be in writing and shall state the name and office address of the member of the State Bar agreed upon. It shall be submitted for approval to the presiding judge or to the supervising judge of a branch court. The order designating the temporary judge shall be endorsed upon the stipulation, which shall then be filed. The temporary judge shall take and subscribe the oath of office, which shall be attached to the stipulation and order of designation, and the case shall then be assigned to the temporary judge for trial. After the oath is filed, the temporary judge may proceed with the hearing, trial, and determination of the case. [¶] A filed oath and order, until revoked, may be used in any case in which the parties stipulate to the designated temporary judge. The stipulation shall specify the filing date of the oath and order. [¶] This rule does not apply to the selection of a court commissioner to act as a temporary judge."

■ Appellant contends rule 244 was violated in this case and the proceedings before Judge Riley were therefore void. This argument lacks merit. There was substantial compliance with rule 244 in this case. There was a written stipulation, signed by the attorneys. The stipulation was approved by the presiding judge, whose order designating the temporary judge was endorsed upon the stipulation. The temporary judge's oath of office was on file in the superior court, although it was not physically

attached to the stipulation.[1] The requirement in rule 244 that the oath be attached serves the administrative convenience of the court but is not jurisdictional. (See *In re Lamonica H.* (1990) 220 Cal.App.3d 634, 644 [270 Cal.Rptr. 60].) Furthermore, the second paragraph of rule 244 expressly allows a previously filed oath and order to be used in a subsequent case in which the parties stipulate to the designated temporary judge. The fact the oath was on file and is part of the record in this case distinguishes two cases cited by appellant where there was no such record, *In re Damian V.* (1988) 197 Cal.App.3d 933, 938 [243 Cal.Rptr. 185] and *In re Heather P.* (1988) 203 Cal.App.3d 1214, 1225 [250 Cal.Rptr. 468].

Thus, the only substantial issue raised by appellant is her claim that rule 244 requires the client's signature on the stipulation and the interest thereby protected is so fundamental that signature by the attorney alone is not effective.

Appellant's contention was squarely rejected by *In re Samkirtana S.* (1990) 222 Cal.App.3d 1475, 1482-1485 [272 Cal.Rptr. 489]. In addition appellant's contention is inconsistent with the Supreme Court's recent decision of *In re Horton* (1991) 54 Cal.3d 82 [284 Cal.Rptr. 305 [813 P.2d 1335].

*Samkirtana S.* involved almost identical facts. A stipulation in the form required by rule 244 was signed by the attorneys but by none of their clients. (222 Cal.App.3d at p. 1481.) The appellant similarly contended the stipulation signed by her attorney was not binding on her. (*Id.* at p. 1482.) After reviewing cases dealing with the authority of an attorney to act on behalf of a client, the court concluded that the stipulation did not involve waiver or compromise of a fundamental right which required the client's express concurrence. (*Id.* at pp. 1483-1484.)[2]

Similar analysis shows appellant was not deprived of a fundamental right here and distinguishes other cases cited by appellant. Appellant's attorney did not waive appellant's cause of action. (Cf. *Bowden* v. *Green* (1982) 128 Cal.App.3d 65, 73 [180 Cal.Rptr. 90].) He did not waive appellant's right to a trial. (Cf. *Blanton* v. *Womancare, Inc.* (1985) 38 Cal.3d 396, 407 [212 Cal.Rptr. 151, 696 P.2d 645, 48 A.L.R.4th 109] [stipulation to binding arbitration, involving minimal judicial review].) He did not waive

[1]Temporary Judge Ballew commented it is common practice to have such oaths on file at the superior court. Also on file was a prior order of the presiding judge appointing Judge Riley as temporary judge "effective in all cases wherein the parties litigant stipulate that said EARL F. RILEY may try said case."

[2]*Samkirtana S.* involved a stipulation that a juvenile court referee act as temporary judge.

appellant's right to a trial with live witnesses. (Cf. *Linsk* v. *Linsk* (1969) 70 Cal.2d 272, 277-278 [74 Cal.Rptr. 544, 449 P.2d 760].)

The stipulation in this case is even more complete than in *In re Horton*, *supra*, 54 Cal.3d 82, where a claim similar to appellant's was rejected. The petitioner in *Horton* was tried for murder and sentenced to death by a court commissioner. There was no written stipulation at all because the attorneys erroneously believed one had already been filed. The petitioner never personally stipulated, either orally or in writing, to have his trial before a commissioner. The Supreme Court upheld the judgment and rejected the petitioner's contention "that the right to be tried by a regularly elected or appointed superior court judge rather than a court commissioner or other temporary judge is a fundamental one, so that he cannot be charged with stipulating to trial by commissioner" without a personal knowing and voluntary waiver of that right. (*In re Horton, supra*, at p. 90.) Several points in the Supreme Court's analysis are inconsistent with appellant's contention here.

First, appellant assumes that the term "parties litigant" in rule 244 refers expressly to the client and therefore requires the client's signature. Construing the identical phrase in article VI, section 21 of the California Constitution the Supreme Court stated, "[T]hough a statute may refer to procedural steps to be taken by 'the parties,' normally this language is not taken literally but is interpreted in accordance with the normal rule that procedural steps must be taken for the party by the attorney of record. Finally, the term 'stipulation' normally refers to an agreement between attorneys." (54 Cal.3d at p. 94, citations omitted.)

Because we hold the signed written stipulation by the attorneys was sufficient, we need not rely on the "conduct tantamount to a stipulation" doctrine. The discussion of that doctrine in *Horton*, however, provides additional support for the conclusion that an attorney's stipulation is binding on the client. Reviewing cases where conduct was held tantamount to a stipulation that a court commissioner could act as temporary judge, the Supreme Court concluded, "The constitutional language providing for trial by a temporary judge has not been interpreted to mean that the authority to stipulate rests solely with the client, or that the client's express stipulation is necessary. On the contrary, the cases establishing the doctrine of tantamount stipulation to trial by a temporary judge refer routinely both to the client's and to the attorney's conduct in entering the stipulation. Frequently, only the attorney's conduct is discussed and is dispositive. [¶] Thus our ratification of the doctrine of tantamount stipulation strongly suggests not only that an express stipulation by the client is unnecessary, but also that counsel's

conduct may provide the basis for the tantamount stipulation." (54 Cal.3d at pp. 92-93; citations and italics omitted.)[3]

We conclude appellant is bound by her attorney's written stipulation in the form required by rule 244 and neither appellant's signature nor her knowledge of Judge Riley's status was required in order to validate the proceedings. Appellant's motion to vacate the stipulation and nullify the proceedings was properly denied.

The order is affirmed.

Turner, P. J., and Boren, J., concurred.

<hr>

[3]Because rule 244 by its own terms does not apply to court commissioners, that rule was not directly involved in *Horton.* (54 Cal.3d at p. 92, fn. 3.) The Supreme Court has granted review in several cases on the issue whether a temporary judge other than a commissioner may decide a case absent full compliance with rule 244. (*In re Richard S.* (1990) 229 Cal.App.3d 1341 [270 Cal.Rptr. 411] review granted Aug. 23, 1990 (S016631); *In re Michelle B.* (May 16, 1990) E006160 [nonpub. opn.] review granted Aug. 23, 1990 (S016225); *In re Aaron M.* (Dec. 20, 1990) A047292 [nonpub. opn.] review granted Mar. 14, 1991 (S019434).) The appeal in another related case, *In re James G.* (1990) (A045528) review granted August 23, 1990 (S016002), was abated April 25, 1991 due to the death of that appellant.)