Filed 12/5/23  Marriage of Gilbert CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| In re the Marriage of MAURICE and ISABEL GILBERT et al. | |
| MAURICE GILBERT, | E077917 |
| Appellant, | (Super.Ct.No. RID211542) |
| v. | ORDER MODIFYING OPINION |
| ISABEL BARRIOS-GILBERT et al., | [NO CHANGE IN JUDGMENT] |
| Respondents. | |

The petition for rehearing filed by appellant on November 28, 2023, is denied.

The opinion filed in this matter on November 13, 2023, is modified as follows:

On page 3, the first full paragraph that starts "In November 2019," is deleted and replaced with the following paragraph:

In November 2019, Father moved the court for an order specifying the amount of child support Mother had to pay under the 2018 Order.  The family court, in Department F402, referred the matter to a child custody recommendation counselor.  The family

1

court, in Department F502, reserved ruling on the issue of child support.[1]  In September 2020, the family court awarded Father primary physical custody of the child.  Mother was granted visitation in a therapeutic setting.  One month later, in October 2020, the family court modified Father's monthly payment to $0 as of December 2019, but Father still owed arrears.  Mother was required to pay $439 in child support as of December 2019.

Any following footnotes are renumbered accordingly.

Except for this modification, the opinion remains unchanged.  The modification does not effect a change in the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

McKINSTER
J.

RAPHAEL
J.

---

[1] Commissioner Wendy Harris presided in Department F402.  The Commissioner is not named in the minute order from Department F502, so it is unclear if a different commissioner presided in that Department.

Filed 11/13/23  Marriage of Gilbert CA4/2 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| In re the Marriage of MAURICE and ISABEL GILBERT et al. | |
| MAURICE GILBERT, | E077917 |
| Appellant, | (Super.Ct.No. RID211542) |
| v. | OPINION |
| ISABEL BARRIOS-GILBERT et al., | |
| Respondents. | |

APPEAL from the Superior Court of Riverside County.  Joan F. Burgess, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Maurice Gilbert, in pro. per., for Appellant.

No appearance for Respondent Isabel Barrios-Gilbert.

1

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Gregory D. Brown and Grant Lien, Deputy Attorney Generals, for Respondent Riverside County Department of Child Support Services.

This opinion constitutes this court's third time addressing this child support matter.[1]  Appellant Maurice Gilbert (Father) requested the family court to determine the amount of child support arrears he owed.  Father asserted respondent Riverside County Department of Child Support Services (DCSS) wrongly included child support for 2019 in the arrears calculation.  Father contended he did not owe child support in 2019 because an errant checkmark on a 2018 stipulation and order between Father and DCSS modified child support by shifting the support obligation to respondent Isabel Barrios-Gilbert (Mother).  The family court rejected Father's contention.  Father raises two issues on appeal.  First, Father contends the juvenile court erred by rejecting his contention.  Second, Father asserts DCSS lacks standing.  We affirm.

## FACTUAL AND PROCEDURAL HISTORY

Mother and Father share a child (the child) who was born in 2004.  In 2017, the family court ordered Father to pay monthly child support in the amount of $1,233 and found Father owed $7,398 in arrears.

In December 2018, DCSS prepared and filed a stipulation and order in the family court, and the court signed the order (the 2018 Order).  The stipulation and order provided, "Petitioner/Father agrees to pay a minimum of $100.00 per month as a

---

[1] *In re Marriage of Gilbert* (Nov. 19, 2019, E071428) [mod. Dec. 12, 2019] [nonpub. opn.]; *In re Marriage of Gilbert* (July 9, 2019, E070292) [nonpub. opn.].

driver's license and occupational licensing agreement with DCSS. [Father] is addressing an appeal and regular child support legal issues, but this is only a driver's license and occupational licensing agreement. This is a temporary agreement until modified. DCSS to release the hold on [Father's] driver's license and occupational license forthwith. All enforcement remedies remain in full force and effect as authorized by law." On the first page of the form stipulation and order, on the line reading "The parent ordered to pay support is the," DCSS marked the box next to "respondent/defendant," which would be Mother.

In November 2019, Father moved the court for an order specifying the amount of child support Mother had to pay under the 2018 Order. The family court referred the matter to a child custody recommendation counselor and reserved ruling on the issue of child support. In September 2020, the family court awarded Father primary physical custody of the child. Mother was granted visitation in a therapeutic setting. One month later, in October 2020, the family court modified Father's monthly payment to $0 as of December 2019, but Father still owed arrears. Mother was required to pay $439 in child support as of December 2019.

In June 2021, the DCSS sent Father a letter reflecting Father owed $7,963.72 in arrears through November 2019, and $5,268.32 in interest, for a total of $13,232.04. In August 2021, in the family court, Father requested a determination of support arrears because, based on the 2018 Order, Mother was the parent obligated to pay child support in 2019—not Father.

3

At the hearing on Father's request, the family court explained that nothing in the 2018 Order "changed child support, nor was there any type of motion pending in which [the court] could change child support because mother was not a signer on the stipulation." Father argued that the 2018 Order reflected that "[t]he parent ordered to pay support is [Mother]."

The family court explained, "The box that's checked, that says 'the parent ordered to pay support: Respondent,' probably was checked in error because there is really no basis for that, but it doesn't have a guideline, it doesn't have any amounts, and it's not changing the support." The court continued, "We do not change child support based upon a stipulation." In concluding, the family court said, "[T]he Court finds that the [2018 Order], addressed only [Father's] payment of [one] hundred dollars per month for release of his driver's license and did not change any child support orders."

## DISCUSSION

### A.    ARREARS

Father contends the family court erred in concluding that the 2018 Order did not modify child support.

"[P]arties may stipulate to a child support amount subject to approval of the court. However, the court shall not approve a stipulated agreement for child support below the guideline formula amount unless the parties declare all of the following: [¶] (1) They are fully informed of their rights concerning child support. [¶] (2) The order is being agreed to without coercion or duress. [¶] (3) The agreement is in the best interests of the children involved. [¶] (4) The needs of the children will be adequately

4

met by the stipulated amount.  [¶]  (5) The right to support has not been assigned to the county pursuant to Section 11477 of the Welfare and Institutions Code and no public assistance application is pending."  (Fam. Code, § 4065, subd. (a).)

The stipulation supporting the 2018 Order did not include a declaration; it did not include an amount of child support; and it did not indicate if the child support was above or below the guideline amount.[2]  All indications are that, in the 2018 Order, the checkmark next to "respondent," was a typographical error—it was not a modification of child support requiring Mother to pay support.

DCSS explained how that typographical error occurred.  On August 26, 2005, Father petitioned for dissolution of his marriage to Mother.  On October 4, 2005, Mother petitioned for dissolution of her marriage to Father.  In November 2005, the two cases were consolidated (Riverside County Superior Court case Nos. RID211542 and RID212105).  In March 2006, DCSS was added to the case as a claimant.  On April 6, 2006, the family court again ordered the two cases consolidated (Riverside County Superior Court case Nos. RID211542 and RID212105).  On April 13, 2006, the family court confirmed that the two cases had been consolidated and that "[Father] is to be the Petitioner and [Mother] is to be the Respondent."

---

[2]  The stipulation in support of the 2018 Order was not signed by Mother.  Father contends the stipulation did not need to be signed by Mother because Mother assigned her rights to DCSS.  We choose not to delve into the issue of the lack of Mother's signature and the assignment of her rights to DCSS.

5

During the 2021 hearing on Father's request for a determination of support arrears, when discussing the errant checkmark that referred to Father as the respondent rather than the petitioner, DCSS explained, "[T]his clerical error has occurred before, unfortunately, for our department, our system automatically auto-populates certain boxes when you prepare formal orders, and it was not caught that it kept putting Respondent when it was supposed to be Petitioner."

The record indicates that, due to Mother and Father both filing petitions and the consolidation of those petitions, there was some confusion as to the identity of the petitioner and respondent, which carried through the case in documents filed by DCSS, such as the 2018 Order. This information confirms that the checkmark in the "respondent" box was a typographical error.

Father raises a variety of arguments as to why the 2018 Order should be understood to have modified the child support order to make Mother the parent paying support. First, Father contends a typographical error cannot be argued regarding a stipulated order. Father cites case law that provides, "If defendants validly stipulated to the actual judgment entered, they cannot now complain on appeal that the trial judge made a clerical error." (*Bowden v. Green* (1982) 128 Cal.App.3d 65, 72.)

The checkmark on the 2018 Order did not modify child support because it did not order an amount of child support to be paid by Mother. (Fam. Code, § 4065, subd. (a).) Rather, the 2018 Order directed Father to pay $100 per month to DCSS. So, one could call the errant checkmark a typographical error or a nullity, but one cannot properly call it a modification of child support.

6

Next, Father asserts DCSS forfeited the clerical error argument by failing to raise it in 2018. DCSS raised the clerical error argument in the family court, in response to Father's argument that the 2018 Order modified child support. DCSS's argument was sufficient to preserve the issue.

Next, Father contends the 2018 Order is res judicata or collateral estoppel on the issue of child support owed during 2019. The 2018 Order was not a child support modification order. The 2018 Order only speaks to the $100 per month Father owed to DCSS to regain his licenses. As a result, the 2018 Order does not have a res judicata effect on the issue of child support arrears from 2019.

B.     <u>STANDING</u>

Father contends DCSS lacks standing to participate in this appeal because "[Father] has never asked the DCSS to enforce [Father's] orders." "[A] local child support agency . . . shall have the responsibility for promptly and effectively . . . enforcing child support obligations." (Fam. Code, § 17400, subd. (a)(1).) "[T]he local child support agency may intervene, pursuant to subdivision (b) of Section 387 of the Code of Civil Procedure, by ex parte application, in any action under this code, or other proceeding in which child support is an issue . . . . By notice of motion, order to show cause, or responsive pleading served upon all parties to the action, the local child support agency may request any relief that is appropriate that the local child support agency is authorized to seek." (Fam. Code, § 17400, subd. (k).)

DCSS became a claimant in the case on March 28, 2006. In June 2011 and March 2014 DCSS filed modification motions. In September 2018, a hearing was held on an order to show cause re: child support; the court ordered DCSS to prepare the order and give notice. In December 2018 and January 2019, more hearings were held on an order to show cause re: child support, and DCSS was present. In September 2021, DCSS participated in the hearing to determine child support arrears. DCSS prepared the order from which Father has appealed.

The order from which Father is appealing concerns the calculation of Father's child support arrears. The Department has standing to participate in the matter because (1) the Department is a recognized claimant that has participated in the case for years, and (2) the issue pertains to delinquent child support payments (Fam. Code, § 17400, subds. (a)(1), (h)(5), & (k)).

Father asserts DCSS only has standing if (1) the child is on public assistance, or (2) the parent requests DCSS's involvement. (Fam Code, § 17400, subd. (a)(1).) As to the first point, Father asserts all public assistance monies have been reimbursed, so DCSS lacks standing. Contrary to Father's position, DCSS can intervene in any family court dispute pertaining to child support. (Fam. Code, § 17400, subd. (k).)

As to the second point, Father contends he did not request DCSS's involvement so DCSS lacks standing. In 2017, 2018, and 2019, when Father owed $1,233 per month in child support, Father typically made monthly payments of $338. As a result of Father not paying the full monthly amount, arrearages grew. Thus, it would be Mother—not

8

Father—who is the relevant parent for requesting DCSS's assistance regarding the arrears.  In sum, Father's standing argument fails.

## DISPOSITION

The order is affirmed.  DCSS is awarded any costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1); *In re Marriage of Tavares* (2007) 151 Cal.App.4th 620, 630.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

McKINSTER _____
               Acting P. J.

RAPHAEL _____
               J.